

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CALVITA J. FREDERICK ET AL | ) | Circuit Court of |
| | ) | Cook County, Illinois |
| Plaintiffs, | ) | Case No. 07 L 12507 |
| | ) | |
| | ) | **07CV7044** |
| v. | ) | **JUDGE MANNING** |
| | ) | **MAG. JUDGE VALDEZ** |
| SELECT PORTFOLIO SERVICING INC., | ) | |
| DLJ MORTGAGE CAPITAL, and | ) | |
| PIERCE & ASSOCIATES, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

**⌐FILED**

DEC 1 4 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

To:   CALVITA J. FREDERICK
      4753 S. Dorchester Ave.
      Chicago, IL 60615

NOW COMES Defendants, SELECT PORTFOLIO SERVICING, INC., ("SPS") and

DLJ Mortgage Capital ("DLJ"), by and through their attorneys, Michael J. Weik, Craig C. Smith

of Smith & Weik LLC, and hereby remove this action from the Circuit Court of Cook County,

Illinois, where it is pending, to the United States District Court for the Northern District Court of

Illinois.

In support of this Notice of Removal, the Defendants state as follows:

1.      On or about November 5, 2007, the Plaintiffs, Calvita Frederick, Larry

Sowell, Samantha Sowell and Simon Sowell, commenced an action against the Defendants in the

Circuit Court of Cook County, Illinois, by filing a "Complaint" under case number 07 L 12507.

2.    The Summons and Complaint were served on Defendant SPS on November 14, 2007. Copies of the Summons, Complaint and Service of Process Transmittal Form are attached hereto as Exhibits "A," "B" [1] and "C," respectively.

3.    The undersigned attorney for SPS has reviewed the "online" docketing information, filed documents that were made available in the offices of the Clerk of the Circuit Court of Cook County, and spoke with an attorney for Pierce & Associates, who had been representing DLJ in the mortgage foreclosure proceeding referred to Plaintiffs' Complaint. Based on that review, it appears that Plaintiffs filed an emergency motion for temporary restraining order that was denied by the state court on November 15, 2007 after this matter was consolidated with the prior pending foreclosure action identified in Plaintiffs' Complaint. A copy of the order denying the motion for a temporary restraining order is attached as Exhibit "D". Counsel was unable to obtain a copy of any consolidation order. No further proceedings have occurred in the state court proceeding.

4.    In the Complaint, Plaintiffs claim that SPS and each of the Defendants violated the laws of the United States of America, to wit: 42 U.S.C. §3605(a) and 42 U.S.C. §1982. Specfically, Plaintiffs conclude in Counts I-IV that defendants violated 42 U.S.C. §3605(a) by discriminating against them in a real estate-related transaction based on race. Further, Plaintiff appears to conclude that defendants violated 42 U.S.C. §1982 by discriminating against them by denying Plaintiff Calvita Frederick the right to participate in the sale of her property based on her race. Finally, Plaintiffs bring several state law claims based on tortious interference (Counts V-VI); violations of the Illinois Mortgage Foreclosure Law, 735 ILCS § 5/15-1101 et seq., (Counts VII-VIII); and intentional infliction of emotional distress (Counts IX-X).    Plaintiff Calvita

---

[1] Attached is the Complaint without exhibits which total 53 pages.

Frederick's state law claims purport to arise from the very same nucleus of operative facts as her claims based on federal law.

5.      The District Court has original jurisdiction over Counts I-IV of this action pursuant to 28 U.S.C. §1331 because these counts involve a claim or right arising under the laws of the United States. The District Court has supplemental jurisdiction over the remaining Counts V-X pursuant to 28 U.S.C. §1367 as these claims arise from the same nucleus of operative facts and constitute the same cause or controversy within the meaning of the statute.

6.      This Notice of Removal is filed within thirty (30) days after receipt of the Summons and Complaint by the Defendant SPS and is therefore timely filed pursuant to 28 U.S.C. §1446(b).  See Exhibit "C."

7.      Defendant Pierce & Associates supports, consents to, and joins in the removal of this case from state court to the United States District Court for the Northern District of Illinois. See Exhibit "E".

8.      Copies of this Notice of Removal will be served promptly on all adverse parties, and a copy of the Notice of Removal will be filed promptly with the Clerk of the Circuit Court of Cook County, Illinois, all as required by 28 U.S.C. §1446(d).

                        Respectfully submitted,

                        SELECT PORTFOLIO SERVICING, INC. and
                        DLJ MORTGAGE CAPITAL

                        By:  _____
                             One of Defendants' Attorneys

Michael J. Weik ARDC # 3125782
Craig C. Smith   ARDC #6238126
Smith & Weik LLC
19 S. LaSalle Street, Suite 601
Chicago, IL 60603
312-895-4560

# EXHIBIT A

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

(Name all parties)

CALVITA J. FREDERICK, LARRY W. SOWELL,
SAMANTHA SOWELL, SIMONE SOWELL

2007L012507
CALENDAR/ROOM A
TIME 00:00
*I Stat Misc Action

v.

DLJ MORTGAGE CAPITAL, INC, SELECT PORTFOLIO
SERVICING, INC., AND PEIRCE & ASSOCIATES

No. _____

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |

| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
|---|---|---|
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

| Atty. No.: 52290 | WITNESS, _____, _____ |
|---|---|
| Name: Calvita J. Frederick | |
| Atty. for: Plaintiffs | |
| Address: 4753 S. Dorchester Ave. | _____ |
| City/State/Zip: Chicago, Il. 60615 | Clerk of Court |
| Telephone: 312-421-5544 | Date of service: _____, _____ |
| | (To be inserted by officer on copy left with defendant or other person) |

Service by Facsimile Transmission will be accepted at: _____

_____
(Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## SERVICE LIST

## FREDERICK VS DLJ MORTGAGE, ET AL

PIERCE AND ASSOCIATES, PC.
Via registered agent:
Diana N. Athanasoptoy
1 North Dearborn
Suite 1300
Chicago, IL. 60602

DLJ MORTGAGE CAPITAL, INC.
Via registered agent:
Illinois Corp. Services Company
801 Adlai Stevenson Drive
Springfield, Il. 62703

SELECT PORTFOLIO SERVICING, INC.
Via registered agent:
Illinois Corp. Services Company
801 Adlai Stevenson Drive
Springfield, Il. 62703

# EXHIBIT B

STATE OF ILLINOIS )                                   ATTY NO.:  52290
                 ) SS
COUNTY OF COOK )


## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

IN RE THE MATTER OF:                          )
                                              )
CALVITA J. FREDERICK, LARRY W. SOWELL         )        2007L012507
SAMANTHA SOWELL, by and through her Mother)            CALENDAR/ROOM A
And Next Best Friend, and SIMONE A. SOWELL    )        TIME 00:00
By and through her Mother and Next Best Friend, )      PI Stat Misc Action
    Plaintiffs,                               )
                                              )
vs.                                           )        NO. _____
                                              )
DLJ MORTGAGE CAPITAL, INC,  SELECT            )
PORTFOLIO SERVICING, INC., PIERCE AND         )
ASSOCIATES, AND UNKNOWN DEFENDANTS            )
    Defendants.                               )


## COMPLAINT AT LAW


**COMES NOW THE PLAINTIFFS**, Calvita J. Frederick, Samantha L. Sowell, by

and through her Mother and Next Best Friend, Simone A. Sowell, by and through her

Mother and Next Best Friend, and Larry W. Sowell, by and through their counsel, and

Calvita J. Frederick and Associates and complaining of the Defendants, alleges as

follows:

1.  **PLAINTIFF Calvita J. Frederick-Sowell** is a black citizen of the United States, a resident of the State of Illinois living at 4753 S. Dorchester Avenue, City of Chicago.

2.  **PLAINTIFF Samantha L. Sowell, by and through her Mother and Next Best Friend,** is a black citizen of the United States, a resident of the State of Illinois living at 4753 S. Dorchester Avenue, City of Chicago

3.  **PLAINTIFF Simone A. Sowell, by and through her Mother and Next Best Friend,** is a black citizen of the United States, a resident of the State of Illinois living at 4753 S. Dorchester Avenue, City of Chicago

4.  **PLAINTIFF Larry W. Sowell** is a black citizen of the United States, a resident of the State of Illinois living at 4753 S. Dorchester Avenue, City of Chicago. Larry W. Sowell is currently employed outside of the United States.

5.  **DEFENDANT DLJ MORTGAGE, INC.** is believed to be the current holder of the current mortgage on the Plaintiff's residence property located at 4753 S. Dorchester Ave., Chicago, IL. 60615, and is the Plaintiff in the action for Foreclosure in the Circuit Court of Cook County, County Department, Chancery Division, entitled DLJ Mortgage Capital, Inc. vs. Calvita Frederick, et. al. 06 CH 2321. DLJ MORTGAGE, INC is a corporation organized under the laws of the State of Delaware, and qualified to do business in the State of Illinois,

6. **DEFENDANT SELECT PORTFOLIO SERVICING**, is believed to be the current servicing agent for the mortgage on the property located at 4753 S. Dorchester Ave., Chicago, IL. 60615.   Defendant SELECT PORTFOLIO SERVICING, formerly known as Fairbanks Capital Corporation, is a Corporation organized under the laws of the State of Utah and having its principal place of business located in Salt Lake City Utah, and is qualified to do business in the State of Illinois.

7. **DEFENDANT PIERCE AND ASSOCIATES, P.C.**, is a Professional Corporation, organized under the laws of the State of Illinois with their principal place of business located at 1 North Dearborn, Suite 1300, Chicago, Illinois. Defendants PIERCE AND ASSOCIATES and are attorneys of record for DLJ Mortgage Capital, Inc. in the action for Foreclosure in the Circuit Court of Cook County, County Department, Chancery Division, entitled <u>DLJ Mortgage Capital, Inc</u>. vs. <u>Calvita Frederick, et. al</u>. 06 CH 2321.

## COUNT ONE
## FIRST VIOLATION OF FAIR HOUSING ACT OF 1968-

8. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 and 5-7 above.

9. This actions is brought to redress racial discrimination in residential real estate-related transactions in violation of the Federal Fair Housing Act of 1968 42 USC Sec. 3605 (a) and the Civil Rights Act of 1866, 42 USC Sec 1982.

10. Jurisdiction is conferred on this Court by 42 USC Sec 3612 and 28 USC Sec 1331, 1343 (4).

11. That Plaintiff, Calvita J. Frederick-Sowell is a member of a protected class, black citizens of the United States.

12. On or about April 25, 2005 Plaintiff Calvita J. Frederick-Sowell entered into a contract for the sale of Plaintiff's residence to Thomasina Dixon, for $490,000.00 in order to prevent the loss of said property to foreclosure. (See Offer to Purchase Real Estate attached hereto as Plaintiff's Exhibit "A")

13. That upon information and belief, Thomasina Dixon met all of the relevant requirements to purchase said property.

14. That Defendants and each of them refused to transact business with Plaintiff Frederick in their failure and refusal to provide a payoff statement and other closing documents necessary to complete the sale of the said property, despite numerous requests by Plaintiff Frederick, her attorney, Glenda Gray and various mortgage companies to do so.

15. That without the payoff statement Plaintiff Frederick was unable to complete the sale of the real estate and stop the foreclosure proceeding.

16. That upon information and belief, Defendants refusal to cooperate with the sale of the real estate to Thomasina Dixon was because it was a short sale.

4

17. That on or about August 23, 2007, Defendants presented to Plaintiff and her attorney a Pay-off statement in open court showing the amount of the current indebtedness on the real estate to be $468,299.37.   (See Defendants Pay-Off Statement dated August 21, 2007, attached hereto as Plaintiff's Exhibit "B")

18 That in the time between June 2005 and August 2007, Plaintiff took no action to reduce the indebtedness on the real estate.

19. That Defendants and each of them continue to engage in and cooperate with this type of real estate related transaction with other parties with similar qualifications and conditions as those of Plaintiff Frederick.

20 That Defendants and each of them treat similarly situated people differently.

21. That Defendants and each of them interfered with Plaintiff Frederick's right to sell her home and complete the real estate transaction.

22. At all times relevant thereto, Plaintiff Frederick was ready, willing and able to sell the property.

23. Defendants acted in a willful and wanton manner in denying Plaintiff Frederick the opportunity to sell the residential real estate and prevent the loss of her home to foreclosure, because of Plaintiff's race.

24. As a proximate result of Defendants' racial discrimination, Plaintiff Frederick suffered severe emotional and physical distress, embarrassment,

5

psychological damage and the deprivation of her civil rights. In addition, Plaintiff Frederick has been forced to remain in the foreclosure process in an effort to keep her home.

25. Defendants have interfered in Plaintiffs' real estate related transaction in violation of 42 USC Sec 3605(a) and 42 USC Sec. 1982.

26 Defendants and each of them have denied Plaintiff Frederick, on account of race the same rights as is guaranteed to white persons to sell real property in violation of the Civil Rights Act of 1866, 42 USC Sec 1982.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Calvita J. Frederick respectfully prays as follows:

I.    A declaratory judgment that Defendants violated 42 USC Sec. 3605 (a) and 42 USC Sec. 1982.

II.   A permanent injunction restraining Defendants from violating 42 USC Sec. 3605 (a) and 42 USC Sec. 1982.

III.  Compensatory damages in the sum total in excess of $50,000 for emotional distress, psychological damage, embarrassment, deprivation of civil rights and out of pocket expenses.

IV.   Punitive damages in an amount equal to 2% of Defendants' combined net worth.

V.    Reasonable attorneys' fees and all costs of the proceeding.

6

## COUNT TWO
## VIOLATIONS OF FAIR HOUSING ACT OF 1968 AS TO OTHER PLAINTIFFS

27.  Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-26 above.

28.  As a proximate result of Defendants' racial discrimination toward Plaintiff Frederick, Plaintiff Samantha Sowell, Simone Sowell and Larry Sowell suffered severe emotional distress, embarrassment, and psychological damage.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Samantha Sowell, Simone Sowell and Larry Sowell respectfully pray as follows:

I.      Punitive damages in an amount equal to 2% of Defendants' combined net worth.

II.     Reasonable attorneys' fees and all costs of the proceeding.

## COUNT THREE
### SECOND VIOLATION OF FAIR HOUSING ACT OF 1968-

29.  Plaintiff restates and realleges each and every allegation contained in Paragraphs 1, and 5-7 above.

30. This actions is brought to redress racial discrimination in residential real estate-related transactions in violation of the Federal Fair Housing Act of 1968 42 USC Sec. 3605 (a) and the Civil Rights Act of 1866, 42 USC Sec 1982.

31. Jurisdiction is conferred on this Court by 42 USC Sec 3612 and 28 USC Sec 1331, 1343 (4).

32. That Plaintiff, Calvita J. Frederick-Sowell is a member of a protected class, black citizens of the United States.

33. On or about May 1, 2007, Plaintiff Calvita J. Frederick-Sowell was a defendant in an action for foreclosure in the Circuit Court of Cook County Department, Chancery Division, entitled <u>DLJ Mortgage Capital, Inc.</u> vs. <u>Calvita Frederick, et. al.</u> 06 CH 2321.

34. That said matter was scheduled for Sheriff's sale on May 10, 2007.

35. That Defendant Frederick made several telephone calls to the office of Defendant Pierce and Associates for the purpose of obtaining the amount of the opening bid.

36. That Defendant Frederick was engaged in conversation with Scott Datuma an investor/person interested in attending the sale and purchasing the said real estate and/or negotiating for the benefit of Plaintiff Frederick. (See Affidavit of Scott Datuma attached hereto as Plaintiff's Exhibit"C")

37. That Plaintiff Frederick was informed via a recorded message left by the office of Defendant Pierce and Associates that the Sheriff's Sale had been postponed and that Plaintiff Frederick should check for the date and time to which the Sheriff's sale would be rescheduled. (See Affidavit of Calvita J. Frederick, attached hereto as Plaintiff's Exhibit "D")

38. That notwithstanding said message to the contrary, the Sheriff's Sale was conducted on May 10, 2007, and the Defendant DLJ Mortgage Capital, Inc was the successful bidder in the amount of $598,356.74. (See Report of Sale and Distribution and Defendant's Notice of Motion attached hereto as Plaintiff's Exhibit "E")

39. Notwithstanding said bid amount, shortly thereafter Defendants presented Plaintiff Frederick and her counsel a current Pay-off statement showing the amount of the indebtedness on said property to be $468,609.37. (See Defendant Pierce & Associates Pay-Off letter dated August 21, 2007 attached hereto as Plaintiff's Exhibit "F")

40 That the matter of the Sheriff's Sale was the subject of a successful motion by Plaintiff To Vacate the Sheriff's Sale and the Order Approving the Sheriff's Sale heard by the Circuit Court of Cook County and Order so entered on or about September 11, 2007. (See Plaintiff's Motion, Response, Reply and Order of Court, attached hereto and made a part hereof as Plaintiff's group Exhibit "G")

41. That upon information and belief, Scott Datuma was an investor who met all of the relevant requirements to purchase said property.

42. That Defendants and each of them interfered with Plaintiff's right to transact business with a third party investor for the purpose of selling or saving her property by denying Plaintiff and her investor the opportunity to attend and participate in the Sheriff's Sale.

43. That Defendants and each of them continue to engage in and cooperate with this type of real estate related transaction with other parties with similar qualifications and conditions as those of Plaintiff Frederick.

44. That Defendants and each of them treat similarly situated people differently.

45. That Defendants and each of them interfered with Plaintiff Frederick's right to participate in the Sheriff's Sale and save her home by purposely misleading Plaintiff Frederick as to the time and date of said Sheriff's Sale.

46. At all times relevant thereto, Plaintiff was ready, willing and able to attend said Sheriff's Sale and upon information and belief her investor, Scott Datuma, was ready willing and able to buy said property and or negotiate on Plaintiff Frederick's behalf at the Sheriff's Sale.

47.  Defendants acted in a willful and wanton manner in denying Plaintiff Frederick the opportunity to participate in the Sheriff's Sale and prevent the loss of her home to foreclosure, because of Plaintiff's race.

48.  As a proximate result of Defendants' racial discrimination, Plaintiff Frederick suffered severe emotional and physical distress, embarrassment, psychological damage with physical manifestations and the deprivation of her civil rights.  Plaintiff has been forced to remain in the foreclosure process in an effort to keep her home.  Defendants have rescheduled the Sheriff's sale for November 16, 2007.

49.  Defendants have interfered in Plaintiffs' real estate related transaction in violation of 42 USC Sec 3605(a) and 42 USC Sec. 1982.

50.  Defendants and each of them have denied Plaintiffs, on account of race, the same rights as is guaranteed to white persons to sell real property in violation of the Civil Rights Act of 1866, 42 USC Sec 1982.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Calvita J. Frederick respectfully prays as follows:

A. A declaratory judgment that Defendants violated 42 USC Sec. 3605 (a) and 42 USC Sec. 1982.

B. A temporary injunction preventing the Sheriff's Sale set for November 16, 2007

11

C. A permanent injunction restraining Defendants from violating 42 USC Sec. 3605 (a) and 42 USC Sec. 1982.

D. Compensatory damages in the sum total in excess of $50,000 for emotional distress, psychological damage, embarrassment, deprivation of civil rights and out of pocket expenses.

E. Punitive damages in an amount equal to 2% of Defendants' combined net worth.

F. Reasonable attorneys' fees and all costs of the proceeding.

## COUNT FOUR

## VIOLATIONS OF FAIR HOUSING ACT OF 1968 AS TO OTHER PLAINTIFFS

51. Plaintiffs restate and reallege each and every allegation contained in Paragraphs 2-7 and 30-50 above.

52 As a proximate result of Defendants' racial discrimination toward Plaintiff Frederick, Plaintiffs Samantha Sowell, Simone Sowell and Larry Sowell suffered severe emotional distress, embarrassment, psychological damage and the deprivation of their civil rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Samantha Sowell, Simone Sowell and Larry Sowell respectfully prays as follows:

I.    Punitive damages in an amount equal to 2% of Defendant's combined net worth.

II.    Reasonable attorneys' fees and all costs of the proceeding.

## COUNT FIVE
## TORTIOUS INTERFERNECE WITH A BUSINESS RELATIONSHIP WITH THOMASINA DIXON

53.  Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 and 5-7 above.

54. On or about January 2, 2005, and continuing thereafter, Plaintiff Calvita J. Frederick-Sowell commenced a business relationship with a third party Thomasina Dixon, which contemplated the sale of Plaintiff's real property located at 4753 S. Dorchester Ave, Chicago, Il. to Thomasina Dixon, whereby Plaintiff had a reasonable expectation of economic gain and avoidance of foreclosure on said property.

55.  At all times relevant to this action, the third party Thomasina Dixon was an independent entity, unaffiliated with the Defendants.

56. On or about April 25, 2005, and continuing thereafter during the time Plaintiff was negotiating a second real estate contract with the third party, Thomasina Dixon, in conjunction with the business relationship described in

13

Paragraph 54, Defendants continued a course of conduct, including requiring more than what was owed on the property, and refusal to provide information necessary to complete the sale of said real estate including pay off information, which was intended to disrupt Plaintiff's relationship with the third party, and which in fact did disrupt that relationship.

57.　In engaging in the conduct described in Paragraph 56, Defendants intended to impair or destroy Plaintiff's business relationship with the third party Thomasina Dixon, thereby destroying Plaintiff's expectancy of economic gain. Defendants engaged in the interfering conduct with malice toward Plaintiff Frederick and a desire to injure Plaintiff Frederick economically, and with wantonness and disregard of Plaintiff Frederick's rights. Defendants' conduct was improper, unlawful and unfair, in that it involved a restraint of trade and prevented Plaintiff the opportunity to complete the sale her property.

58.　The conduct engaged in by the Defendants and described in Paragraph 56 was the proximate cause of the loss or impairment of Plaintiff Frederick's business relationship with the third party, Thomasina Dixon, which resulted in the Plaintiff Frederick's loss of expectancy of economic gain.

59.　As a result of the impairment or loss of Plaintiff Frederick's business relationship with the third party Thomasina Dixon, Plaintiff suffered a loss of economic expectancy arising from the relationship, including damages in the form

14

of foreclosure proceedings against Plaintiff Frederick, compensatory damages in excess of $200,000, emotional distress, psychological damage, embarrassment, deprivation of civil rights and out of pocket expenses.

60. Defendants were not justified or privileged to engage in the conduct described in Paragraph 56, which resulted in the impairment or loss of Plaintiff's business relationship with the third party, Thomasina Dixon.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF FREDERICK respectfully prays judgment against Defendants and each of them and requests that the court grant relief as follows:

A.    Compensatory damages for the value of the business opportunity or expectancy that was lost as a result of the Defendants' tortuous and improper interference, in an amount in excess of $50,000.

B.    Punitive damages in an amount equal to 2% of Defendants' combined net worth;

C.    Such other and further relief as this Court deems just and proper.

### COUNT SIX
### TORTIOUS INTERFERNECE WITH A BUSINESS RELATIONSHIP WITH SCOTT DATUMA

61. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 and 5-7 above.

62. On or about May 1, 2007 Plaintiff Calvita J. Frederick-Sowell commenced a business relationship with a third party Scott Datuma, which contemplated the bidding on or negotiating the purchase of Plaintiff's real property located at 4753 S. Dorchester Ave, Chicago, Il., at the Sheriff's Sale scheduled for May 10, 2007, whereby Plaintiff had a reasonable expectation of economic gain and avoidance of loosing her said property currently involved in a foreclosure proceeding in the Circuit Court of Cook County Department, Chancery Division, entitled DLJ Mortgage Capital, Inc. vs. Calvita Frederick, et. al. 06 CH 2321.

63. At all times relevant to this action, the third party Scott Datuma was an independent entity, unaffiliated with the Defendants.

64. On or about May 9, 2007, during the time Plaintiff was negotiating with the third party, Scott Datuma in conjunction with the business relationship described in Paragraph 62, Defendants began a course of conduct consisting of refusal to provide opening bid information necessary for Plaintiff and Scott Datuma to attend the Sheriff's Sale and further informing Plaintiff that said Sheriff's sale would not take place at the date and time scheduled, which said information caused Plaintiff and Scott Datuma to not attend the Sheriff's Sale, which was intended to disrupt Plaintiff's relationship with the third party, Scott

Datuma and which in fact did disrupt that relationship. (See Affidavit of Scott Datuma and Calvita J. Frederick attached heretofore as Exhibits "C" and "D")

65.  In engaging in the conduct described in Paragraph 64, Defendants intended to impair or destroy Plaintiff's business relationship with the third party Scott Datuma, thereby destroying Plaintiff's expectancy of economic gain. Defendants engaged in the interfering conduct with malice toward Plaintiff and a desire to injure Plaintiff economically, and with wantonness and disregard of Plaintiff's rights.  Defendants' conduct was improper, unlawful and unfair, in that it involved a restraint of trade and prevented Plaintiff the opportunity to sell her property.

66.  The conduct engaged in by the Defendants and described in Paragraph 64 was the proximate cause of the loss or impairment of Plaintiff's business relationship with the third party, Scott Datuma, which resulted in the Plaintiffs loss of expectancy of economic gain.

67.  As a result of the impairment or loss of Plaintiff's business relationship with the third party Scott Datuma, Plaintiff suffered a loss of economic expectancy arising from the relationship, including damages in the form of continuing foreclosure proceedings against Plaintiff, compensatory damages amounting to $200,000, emotional and physical distress, psychological damage, embarrassment, deprivation of civil rights and out of pocket expenses.

17

68. Defendants were not justified or privileged to engage in the conduct described in Paragraph 64, which resulted in the impairment or loss of Plaintiff's business relationship with the third party, Scott Datuma.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF FREDERICK respectfully prays judgment against Defendants and each of them and requests that the court grant relief as follows:

D.    Compensatory damages for the value of the business opportunity or expectancy that was lost as a result of the Defendants' tortuous and improper interference, in the amount of $200,000.00.

E.    Punitive damages in an amount equal to 2% of Defendants' combined net worth;

F.    Set aside the mortgage on said property, granting Plaintiff Frederick free and clear title to same;

G.    Such other and further relief as this Court deems just and proper.

### COUNT SEVEN
### VIOLATION OF THE ILLINOIS MORTGAGE FORECLOSURE LAW

69. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 and 5-7, above.

70. The Illinois Mortgage Foreclosure Act (IMFL) 735 ILCS 5/15-1101, et seq., imposes on the mortgagee a duty of good faith and fair dealing in the pursuit of foreclosure actions.

71. Plaintiff restates and realleges each and every allegation contained in Paragraphs 12-22 above.

72. Defendant's actions in failing to cooperate with the sale of the aforesaid property to Thomasina Dixon breached their duty of good faith and fair dealings.

73. Defendant's actions in failing to cooperate with the sale of the aforesaid property to Thomasina Dixon resulted in a wonton and malicious disregard of Plaintiff Frederick's right to sell her property.

74. Defendant's actions in failing to cooperate with the sale of the aforesaid property to Thomasina Dixon was an unfair and deceptive trade practice in view of Defendant's submission of a payoff statement in September 2007 for less than the sale amount from 2005 which amount was rejected by the Defendants. (See Defendant's Payoff statement attached hereto as Exhibit "F")

## PRAYER FOR RELEIF

WHEREFORE, PLAINTIFF respectfully prays judgment against Defendants and each of them and requests that the court grant relief as follows:

A.    Judgment against Defendants and each of them for a sum in excess of $50,000.

19

B.    Punitive damages in an amount equal to 2% of Defendants' combined net worth;

C.    Set aside the mortgage on said property, granting Plaintiff Frederick free and clear title to same;

D.    Attorneys fees and costs;

E.    Such other and further relief as this Court deems just and proper.

## COUNT EIGHT
## SECOND VIOLATION OF THE ILLINOIS
## MORTGAGE FORECLOSURE LAW

75.  Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 and 5-7 above.

75.  The Illinois Mortgage Foreclosure Act (IMFL) 735 ILCS 5/15-1101, et seq., imposes on the mortgagee a duty of good faith and fair dealing in the pursuit of foreclosure actions.

77.  Plaintiff restates and realleges each and every allegation contained in Paragraphs 37-47 above.

78.  Defendant's actions in intentionally interfering with Plaintiff Frederick and her investor Scott Datuma's ability to attend and participate in the Sheriff's Sale scheduled for May 10, 2007, breached their duty of good faith and fair dealings.

20

79. Defendant's actions in intentionally misleading Plaintiff Frederick as to the cancellation of the Sheriff's Sale scheduled for May 10, 2007, resulted in a wonton and malicious disregard of Plaintiff Frederick's right to notice and attendance at the Sheriff's sale of said property.

80. Defendant's actions in intentionally misleading Plaintiff Frederick as to the date and time of the Sheriff's Sale of her property were an unfair and deceptive trade practice.

## PRAYER FOR RELEIF

WHEREFORE, PLAINTIFF respectfully prays judgment against Defendants and each of them and requests that the court grant relief as follows:

A. Judgment against Defendants and each of them for a sum in excess of $50,000

B. Punitive damages in an amount equal to 2% of Defendants' combined net worth;

C. Set aside the mortgage on said property, granting Plaintiff Frederick free and clear title to same;

D. Costs and legal fees;

E. Such other and further relief as this Court deems just and proper.

## COUNT NINE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 and 5-7, and 12-26 above.

82. Plaintiff Frederick has resided in the aforesaid property since December of 1994. Plaintiff Larry Sowell has resided intermittently in said property since the parties were married in 1995. Plaintiff's Samantha, age 10 and Simone, age 7 both minor children have resided in said property since their birth.

83. At the time and place aforesaid, Defendants and each of them stood in a position of authority over Plaintiff Frederick with actual authority over Plaintiff as to her ability to sell the said property.

84. At the time and place aforesaid Defendants and each of them knew or should have know that Plaintiff Frederick was recently divorced, a single mother with two minor children living in the residence and that Plaintiff was involved in a fledgling business venture and was in arrears in her mortgage payments.

85. At the time and place aforesaid Defendants knew or should have know that their refusal to allow the sale of said property had a strong probability of causing emotional distress to the Plaintiff Frederick.

86. At the time and place aforesaid Defendants committed one or more of the following acts:

a.      Refused to provide pay off figures and/or statements necessary to complete the sale of the aforesaid

22

property despite numerous requests by Plaintiff Frederick to do so;

b.      Failed and refused to cooperate with Plaintiff Frederick's counsel to complete the sale of the aforesaid property despite numerous requests to do so;

c.      Failed and refused to cooperate with Thomasina Dixon's mortgage company/broker to complete the sale of the aforesaid;

d.      Failed and refused to provide a consistent amount owed on said property;

87.    As a proximate result of one or more of these intentional acts or missions, Plaintiff sustained severe and extreme emotional and physical distress.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF demands judgment against the Defendants and each of them for a sum in excess of $50,000.00, punitive damages, costs and attorneys fees.

## COUNT TEN
## SECOND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23

88. Plaintiff restates and realleges each and every allegation contained in paragraphs 1 and 5-7, and 33-50 above.

89. Plaintiff Frederick has resided in the aforesaid property since December of 1994. Plaintiff Larry Sowell has resided in said property since the parties were married in 1995. Plaintiff's Samantha, age 10 and Simone, age 7 both minor children have resided in said property since their birth.

90. At the time and place aforesaid, Defendants and each of them stood in a position of authority over Plaintiff Frederick with actual authority over Plaintiff as to her ability to appear at the Sheriff's Sale prepared to buy the said property.

91 At the time and place aforesaid Defendants and each of them knew or should have know that Plaintiff Frederick was recently divorced, a single mother with two minor children living in the residence and that Plaintiff was involved in a fledgling business venture and was in arrears in her mortgage payments with a Sheriff's Sale scheduled.

92. At the time and place aforesaid Defendants knew or should have know that their refusal to provide the requested information that allow the bidding on said property at the Sheriff's Sale had a strong probability of causing emotional distress to the Plaintiff Frederick.

93. At the time and place aforesaid Defendants committed one or more of the following acts:

a. Defendants failed and refused numerous times to provide the requested opening bid amount despite Plaintiff's numerous requests over several days for said information;

b. Defendants advised Plaintiff Frederick that the Sale scheduled for 10:00 AM would take place at 2:00PM that same day;

c. Defendants advised Plaintiff Frederick via recorded telephone message that the Sheriff's sale scheduled for 2:00 PM was cancelled and would be rescheduled to a new date and time;

d. Notwithstanding said recorded message to the contrary, Defendants proceeded with the Sheriff's Sale at 2:00 PM denying Plaintiff and her investor the opportunity to be present and take part in the Sheriff's Sale;

e. Defendants then proceeded with Entry of Order confirming said, knowing that Plaintiff Frederick's rights to due notice had been circumvented;

f. Defendants then opposed Plaintiff's Motion to Set Aside the Sheriff's Sale and Order confirming Same;

g. Defendant's provided the Pay-off Letter in the amount of $469,299.37, which letter was far below the amount Defendants bid at the Sheriff's sale, and previously claimed was due on said property;

h. Defendants have now reset the Sheriff's Sale to November 16, 2007.

94.    As a proximate result of one or more of these intentional acts or omissions, Plaintiff sustained severe and extreme emotional and physical distress.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF demands judgment against the Defendants and each of them for a sum in excess of $50,000.00, punitive damages, costs and attorneys fees.

By: _Calvita Frederick Sowell_

One of Plaintiff's Attorneys

Calvita J. Frederick-Sowell
Attorney for Petitioner
4753 S. Dorchester Ave.
Chicago, Illinois 60615
(312) 421-5544
Atty I. D. #52290

26

# EXHIBIT C



**C O R P O R A T I O N   S E R V I C E   C O M P A N Y'**

# Notice of Service of Process

KTR / ALL
Transmittal Number: 5444799
Date Processed: 11/15/2007

Primary Contact:     Ms. Carmen Barraza
Select Portfolio Servicing, Inc.
3815 S. West Temple
Salt Lake City, UT 84115

Copy of transmittal only provided to:     Gina Tolman

| | |
|---|---|
| Entity: | Select Portfolio Servicing, Inc. Entity ID Number 1752761 |
| Entity Served: | Select Portfolio Servicing, Inc. |
| Title of Action: | Calvita J. Frederick vs. DLJ Mortgage Capital, Inc |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Foreclosure |
| Court: | Cook Circuit Court, Illinois |
| Case Number: | 2007L012507 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 11/14/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Calvita J. Frederick-Sowell 312-421-5544 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

# EXHIBIT D

Order                                    CCG N002-300M-2/24/05 (                    )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Calvita J Frederick e lal

v.

DLJ Mortgage Capital et al

No. 2007 L 012507
Consolidated with
06 CH 2521

### ORDER

This matter coming on to be heard on
Plaintiff's Emergency Motion for Temporary
Restraining Order due notice being given
both sides Appearing + the court hearing
argument + being fully adused in the
premises
    IT IS HEREBY ORDERED
1. Plaintiff's Emergency Motion for Temporary Restraining
order is denied

Atty. No.: 52296
Name: Calvita J Frederick
Atty. for: Plaintiff
Address: 4753 S Dorchester
City/State/Zip: Chicago IL 60615
Telephone: 312-401-5544

ENTERED:

Dated: _____
COOK JUDGE RACHYL B. SIMS

NOV 15 2007

CIRCUIT COURT-1822

Judge                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALVITA J. FREDERICK, LARRY W. | ) | Circuit Court of |
| SOWELL, SAMANTHA SOWELL, by | ) | Cook County, Illinois |
| and through her Mother and next best | ) | Case No. 07 L 012507 |
| friend, and SIMONE A. SOWELL, by | ) | |
| and through her Mother and next best | ) | |
| friend, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|   vs. | ) | |
| | ) | |
| DLJ MORTGAGE CAPITAL, INC., | ) | |
| SELECT SERVICING PORTFOLIO, | ) | |
| INC., PIERCE AND ASSOCIATES, P.C., | ) | |
| AND UNKNOWN DEFENDANTS, | ) | |
|     Defendants. | ) | |

## CONSENT TO REMOVAL BY DEFENDANT PIERCE AND ASSOCIATES, P.C.

Defendant Pierce and Associates, P.C., by and through its counsel, consents to and

hereby joins in the Notice of Removal filed by Defendants Select Servicing Portfolio, Inc. and

DLJ Mortgage Capital. In support thereof, Pierce and Associates, P.C. states as follows:

1. Pierce and Associates, P.C. is named as a defendant in an action filed in the

Circuit Court of Cook County, Illinois, Case No. 07 L 012507.

2. Pierce and Associates, P.C. consents to and joins Select Servicing Portfolio, Inc.,

and DLJ Mortgage Capital's notice of removal.


Respectfully Submitted,

PIERCE AND ASSOCIATES, P.C., Defendant

By: _____
   One of Its Attorneys

Diana N. Athanasopoulos
Pierce and Associates, P.C.
1 North Dearborn
Suite 1300
Chicago, Illinois 60602



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CALVITA J. FREDERICK ET AL          )     Circuit Court of
                                    )     Cook County, Illinois
              Plaintiffs,           )     Case No. 07 L 12507
                                    )
                                    )
        v.                          )
                                    )
SELECT PORTFOLIO SERVICING INC.,    )          **07CV7044**
DLJ MORTGAGE CAPITAL, and           )       **JUDGE MANNING**
PIERCE & ASSOCIATES,                )
                                    )       **MAG. JUDGE VALDEZ**
              Defendants.           )

### NOTICE OF FILING

**FILED**

DEC 1 4 2007

DEC 1 4 2007

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

To:    CALVITA J. FREDERICK
       4753 S. Dorchester Ave.
       Chicago, IL 60615

       PLEASE TAKE NOTICE that on the 14th day of December, 2007, we filed with
the clerk of the U.S. District Court for the Northern District of Illinois the attached
**Notice of Removal**, a copy of which is hereby served upon you.

                        **SELECT PORTFOLIO SERVICING,
                        INC., and
                        DLJ MORTGAGE CAPITAL,**

                        By:  _____
                             One of Their Attorneys

Craig C. Smith    ARDC # - 6238126
Smith & Weik, LLC
19 S. LaSalle Street
Suite 601
Chicago, Illinois 60603
(312) 895-4560

## CERTIFICATE OF SERVICE

Craig C. Smith, an attorney, hereby certifies that a true and correct copy of the

foregoing, **Notice of Filing and Notice of Removal**, was served upon:

      CALVITA J. FREDERICK
      4753 S. Dorchester Ave.
      Chicago, IL  60615

by placing same in the United States mail located at 19 S. LaSalle Street, Chicago,

Illinois 60603, properly addressed and postage fully prepaid, this 14th day of December,

2007, on or before the hour of 5:00 p.m.

                                    Craig C. Smith