UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CALVITA J. FREDERICK ET AL | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 07 C 7044 |
| | ) | |
| SELECT PORTFOLIO SERVICING INC., | ) | Honorable Judge Manning |
| DLJ MORTGAGE CAPITAL, and | ) | Honorable Mag. Judge Valdez |
| PIERCE & ASSOCIATES, | ) | |
| | ) | Circuit Court of |
| Defendants. | ) | Cook County, Illinois |
| | | Case No. 07 L 12507 |

**ANSWER OF DLJ MORTGAGE CAPITAL INC AND SELECT PORTFOLIO
SERVICING INC TO PLAINTIFF'S COMPLAINT**

NOW COME DLJ MORTGAGE CAPITAL INC. ("DLJ") and SELECT PORTFOLIO

SERVICING INC. ("SPS") and in response to Plaintiffs' Complaint, state as follows:

1.      PLAINTIFF Calvita J. Frederick-Sowell is a black citizen of the United States, a

resident of the State of Illinois living at 4753 S. Dorchester Avenue, City of Chicago.

ANSWER:      DLJ is now informed and believes that Calvita J. Frederick-Sowell is a black
person who was living at the address stated above.  Otherwise, DLJ has
insufficient knowledge or information to form a belief as to the truth of the
remaining allegations and therefore denies same.

SPS is now informed and believes that Calvita J. Frederick-Sowell is a black
person who was living at the address stated above. Otherwise, SPS has
insufficient knowledge or information to form a belief as to the truth of the
remaining allegations and therefore denies same.

2.      PLAINTIFF Samantha L. Sowell, by and through her Mother and Next Best

Friend, is a black citizen of the United States, a resident of the State of Illinois living at 4753 S.

Dorchester Avenue, City of Chicago.

ANSWER:    DLJ lacks sufficient knowledge or information to form a belief as to the truth of
the allegations contained in this paragraph and therefore denies same.

SPS lacks sufficient knowledge or information to form a belief as to the truth of
the allegations contained in this paragraph and therefore denies same.

3.    PLAINTIFF Simone A. Sowell, by and through her Mother and Next Best Friend,

is a black citizen of the United States, a resident of the State of Illinois living at 4753 S.

Dorchester Avenue, City of Chicago.

ANSWER:    DJL lacks sufficient knowledge or information to form a belief as to the truth of
the allegations contained in this paragraph and therefore denies same.

SPS lacks sufficient knowledge or information to form a belief as to the truth of
the allegations contained in this paragraph and therefore denies same.

4.    PLAINTIFF Larry W. Sowell is a black citizen of the United States, a resident of

the State of Illinois living at 4753 5. Dorchester Avenue, City of Chicago. Larry W. Sowell is

currently employed outside of the United States.

ANSWER:    DJL lacks sufficient knowledge or information to form a belief as to the truth of
the allegations contained in this paragraph and therefore denies same.

SPS lacks sufficient knowledge or information to form a belief as to the truth of
the allegations contained in this paragraph and therefore denies same.

5.    DEFENDANT DLJ MORTGAGE, INC. is believed to be the current holder of

the current mortgage on the Plaintiff's residence property located at 4753 S. Dorchester Ave.,

Chicago, IL. 60615, and is the Plaintiff in the action for Foreclosure in the Circuit Court of Cook

County, County Department, Chancery Division, entitled DLJ Mortgage Capital, Inc. vs. Calvita

Frederick, et. al. 06 CH 2321.  DLJ MORTGAGE, INC is a corporation organized under the

Laws of the State of Delaware, and qualified to do business in the State of Illinois.

ANSWER:     DLJ admits that it is the current holder/owner of the mortgage on the property commonly known as 4753 S. Dorchester Ave., Chicago, IL. 60615 and that it is the Plaintiff in the aforementioned foreclosure action.  DLJ admits that it is a corporation organized under the laws of the state of Delaware and that it is authorized to do business in Illinois.

SPS admits that DLJ is the current holder/owner of the mortgage on the property commonly known as 4753 S. Dorchester Ave., Chicago, IL. 60615 and that it is the Plaintiff in the aforementioned foreclosure action.  SPS admits DLJ is a corporation organized under the laws of the state of Delaware and that it is authorized to do business in Illinois.

6.     DEFENDANT SELECT PORTFOLIO SERVICING, is believed to be the current servicing agent for the mortgage on the property located at 4753 S. Dorchester Ave., Chicago, IL. 60615. Defendant SELECT PORTFOLIO SERVICING, formerly known as Fairbanks Capital Corporation, is a Corporation organized under the laws of the State of Utah and having its principal place of business located in Salt Lake City Utah, and is qualified to do business in the State of Illinois.

ANSWER:     DLJ admits the allegations of this paragraph.

SPS admits the allegations of this paragraph.

7.     DEFENDANT PIERCE AND ASSOCIATES, P.C., is a Professional Corporation, organized under the laws of the State of Illinois with their principal place of business located at 1 North Dearborn, Suite 1300, Chicago, Illinois. Defendants PIERCE AND ASSOCIATES and are attorneys of record for DLJ Mortgage Capital, Inc. in the action for Foreclosure in the Circuit Court of Cook County, County Department, Chancery Division, entitled DLJ Mortgage Capital, Inc. vs. Calvita Frederick, et.al. 06 CM 2321.

ANSWER:     DLJ admits that Pierce and Associates are the attorneys of record for DLJ in a foreclosure action filed against Calvita Frederick in the County Department, Chancery Division of the Circuit Court of Cook County, Illinois but denies that the case number is properly set forth.

SPS admits that Pierce and Associates are the attorneys of record for DLJ in a foreclosure action filed against Calvita Frederick in the County Department, Chancery Division of the Circuit Court of Cook County, Illinois but denies that the case number is properly set forth.

## COUNT ONE
## FIRST VIOLATION OF FAIR HOUSING ACT OF 1968-

8.     Plaintiff restates and realleges each and every allegation contained in Paragraphs I and 5-7 above.

ANSWER:     DLJ restates and readopts its responses to each and every allegation in Paragraphs 1 and 5-7 above.

SPS restates and readopts its responses to each and every allegation in Paragraphs 1 and 5-7 above.

9.     This actions is brought to redress racial discrimination in residential real estate-related transactions in violation of the Federal Fair Housing Act of 1968 42 USC Sec. 3605 (a) and the Civil Rights Act of 1866, 42 USC Sec 1982.

ANSWER:     DLJ has insufficient knowledge or information to form a belief as to the truth of the allegations contained herein and therefore denies same.  Without waiving or limiting the foregoing, DLJ denies that it has discriminated against Plaintiffs based on race and further denies that Plaintiffs have stated a claim pursuant to the statutory authority cited.

SPS has insufficient knowledge or information to form a belief as to the truth of the allegations contained herein and therefore denies same.  Without waiving or limiting the foregoing, SPS denies that it has discriminated against Plaintiffs based on race and further denies that Plaintiffs have stated a claim pursuant to the statutory authority cited.

10. Jurisdiction is conferred on this Court by 42 USC Sec 3612 and 28 USC Sec 1331, 1343 (4).

ANSWER:     DLJ admits that this court has subject matter jurisdiction for the reasons set forth in the Notice of Removal filed herein.  Otherwise, DLJ denies the allegations of this paragraph as stated.

SPS admits that this court has subject matter jurisdiction for the reasons set forth in the Notice of Removal filed herein.  Otherwise, SPS denies the allegations of this paragraph as stated.

11.    That Plaintiff, Calvita J. Frederick-Sowell is a member of a protected class, black citizens of the United States.

ANSWER:    DLJ is now informed and believes that Calvita Frederick-Sowell is a black citizen and as such may be considered a member of a "protected class" under certain circumstances.

SPS is now informed and believes that Calvita Frederick-Sowell is a black citizen and as such may be considered a member of a "protected class" under certain circumstances.

12.    On or about April 25, 2005 Plaintiff Calvita J. Frederick-Sowell entered into a contract for the sale of Plaintiffs residence to Thomasina Dixon, for $490,000.00 in order to prevent the loss of said property to foreclosure. (See Offer to Purchase Real Estate attached hereto as Plaintiff's Exhibit "A").

ANSWER:    DLJ admits only that a document titled Real Estate Sale Contract is attached to the Complaint as Exhibit A. Otherwise, DLJ lacks sufficient knowledge or information to form a belief as to the truth of the allegations or conclusions of this paragraph including the conclusions regarding contract formation and therefore deny same.

SPS admits only that a document titled Real Estate Sale Contract is attached to the Complaint as Exhibit A. Otherwise, SPS lacks sufficient knowledge or information to form a belief as to the truth of the allegations or conclusions of this paragraph including the conclusions regarding contract formation and therefore deny same.

13.    That upon information and belief, Thomasina Dixon met all of the relevant requirements to purchase said property.

ANSWER:    DLJ has insufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies same.

SPS has insufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies same.

14.     That Defendants and each of them refused to transact business with Plaintiff Frederick in their failure and refusal to provide a payoff statement and other closing documents Necessary to complete the sale of the said property, despite numerous requests by Plaintiff Frederick, her attorney, Glenda Gray and various mortgage companies to do so.

ANSWER:     DJL denies the allegations of this paragraph.

            SPS denies the allegations of this paragraph.

15.     That without the payoff statement Plaintiff Frederick was unable to complete the sale of the real estate and stop the foreclosure proceeding.

ANSWER:     DLJ denies the allegations of this paragraph.

            SPS denies the allegations of this paragraph.

16.     That upon information and belief Defendants refusal to cooperate with the sale of the real estate to Thomasina Dixon was because it was a short sale.

ANSWER:     DLJ is without sufficient knowledge or information as to what information and belief Plaintiff is referring to admit or deny the allegations and therefore denies same.  Without waiving or limiting the foregoing, DLJ admits that it is informed and believes that any sale proposed by Plaintiff was for less than the amounts due pursuant to her note and mortgage and as such may be referred to what is sometimes referred to as a "short sale".

            SPS is without sufficient knowledge or information as to what information and belief Plaintiff is referring to admit or deny the allegations and therefore denies same.  Without waiving or limiting the foregoing, SPS admits that it is informed and believes that any sale proposed by Plaintiff was for less than the amounts due pursuant to her note and mortgage and as such may be referred to what is sometimes referred to as a "short sale".

17.     That on or about August 23, 2007, Defendants presented to Plaintiff and her attorney a Pay-off statement in open court showing the amount of the current indebtedness on the real estate to be $468,299.37. (See Defendants Pay-Off Statement dated August 21, 2007, attached hereto as Plaintiff's Exhibit "B")

ANSWER:     DLJ denies that it presented a "Pay-off statement" in open court.  DLJ admits that Exhibit B is a four-page document consisting of a fax cover and three other pages. DLJ denies the remaining allegations of this paragraph as alleged.

SPS denies that it presented a "Pay-off statement" in open court.  SPS admits that Exhibit B is a four-page document consisting of a fax cover and three other pages. SPS denies the remaining allegations of this paragraph as alleged.

18.     That in the time between June 2005 and August 2007, Plaintiff took no action to reduce the indebtedness on the real estate.

ANSWER:     DLJ is informed and believes that between June 2005 and August 2007, Plaintiff did nothing to reduce her obligations including obligations secured by a mortgage on the property described as 4753 S. Dorchester Ave., Chicago, Illinois 60615 and therefore admits the allegations of this paragraph.

SPS is informed and believes that between June 2005 and August 2007, Plaintiff did nothing to reduce her obligations including obligations secured by a mortgage on the property described as 4753 S. Dorchester Ave., Chicago, Illinois 60615 and therefore admits the allegations of this paragraph.

19.     That Defendants and each of them continue to engage in and cooperate with this type of real estate related transaction with other parties with similar qualifications and conditions as those of Plaintiff Frederick.

ANSWER:     DLJ has insufficient knowledge or information to form a belief as to the truth of these allegations for reasons that include it is uncertain as to all of the practices of each defendant and further it is uncertain as to what Plaintiff means by "this type of real estate related transaction" or "other parties with similar qualifications and conditions as those of Plaintiff Frederick" and therefore it denies same.  DLJ otherwise denies the allegations and conclusions of this paragraph as they relate to DLJ.

SPS has insufficient knowledge or information to form a belief as to the truth of these allegations for reasons that include it is uncertain as to the all of the practices of each defendant and further it is uncertain as to what Plaintiff means by "this type of real estate related transaction" or "other parties with similar qualifications and conditions as those of Plaintiff Frederick" and therefore it denies same.  SPS otherwise denies the allegations and conclusions of this paragraph as they relate to SPS.

20.     That Defendants and each of them treat similarly situated people differently.

ANSWER:     DLJ has insufficient knowledge or information to form a belief as to the truth of these allegations for reasons that include it is uncertain as to all of the practices or actions of the other defendants and it is uncertain as to what Plaintiff means or is referring to when she states "treat similarly situated people differently". DLJ otherwise denies the allegations of this paragraph as they are directed to DLJ and may be intended to suggest that DLJ discriminates based on race in violation of the statutes relied upon by Plaintiff.

SPS has insufficient knowledge or information to form a belief as to the truth of these allegations for reasons that include it is uncertain as to all of the practices or actions of the other defendants and it is uncertain as to what Plaintiff means or is referring to when she states "treat similarly situated people differently". SPS otherwise denies the allegations of this paragraph as they are directed to SPS and are intended to suggest that SPS discriminates based on race in violation of the statutes relied upon by Plaintiff.

21.     That Defendants and each of them interfered with Plaintiff Frederick's right to sell her home and complete the real estate transaction.

ANSWER:     DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

22.     At all times relevant thereto, Plaintiff Frederick was ready, willing and able to sell the property.

ANSWER:     DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

22.     Defendants acted in a willful and wanton manner in denying Plaintiff Frederick the opportunity to sell the residential real estate and prevent the loss of her home to foreclosure, because of Plaintiff's race.

ANSWER:     DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

24.     As a proximate result of Defendants' racial discrimination, Plaintiff Frederick suffered severe emotional and physical distress, embarrassment, psychological damage and the

deprivation of her civil rights.  In addition, Plaintiff Frederick has been forced to remain in the

foreclosure process in an effort to keep her home.

ANSWER:    DLJ denies the allegations of this paragraph including specifically that it has
discriminated against Plaintiff.

SPS denies the allegations of this paragraph including specifically that it has
discriminated against Plaintiff.

25.    Defendants have interfered in Plaintiffs' real estate related transaction in violation

of 42 USC Sec 3605(a) and 42 USC Sec. 1982.

ANSWER:    DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

26.    Defendants and each of them have denied Plaintiff Frederick, on account of race

the same rights as is guaranteed to white persons to sell real property in violation of the Civil

Rights Act of 1866, 42 USC Sec 1982.

ANSWER:    DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

WHEREFORE, DLJ and SPS pray that judgment be entered in their favor and against
Plaintiff and for such other relief as may be just and appropriate.

For and as their affirmative defenses, DLJ and SPS allege as follows:

## FIRST AFFIRMATIVE DEFENSE.
### (Failure to State Claim)

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE.
### (Statute of Limitations)

Plaintiff's claim is barred by the pertinent limitation period under the Fair Housing Act and otherwise by the two-year limitations period applicable to action under the Civil Rights Act of 1866.

### THIRD AFFIRMATIVE DEFENSE.
### (Estoppel/Issue preclusion)

Plaintiff's claims are barred based the doctrines of issue preclusion including but not limited to res judicata and collateral estoppel as any rights to "sell" the subject property were the subject of a judgment of foreclosure entered by the State Court in the foreclosure action identified in Plaintiff's complaint.

### FOURTH AFFIRMATIVE DEFENSE.
### (Waiver and Estoppel)

Plaintiff has by her own actions waived and is estopped from asserting any claim based on any alleged failure to allow her to sell the subject property as she purports to allege.

### FIFTH AFFIRMATIVE DEFENSE.
### (Proximate Cause)

Plaintiff's own conduct including specifically her failure to comply with her obligations under the mortgage and note at issue were the proximate cause of any damage that she may have sustained as the result of the actions taken, including any actions in the foreclosure proceedings.

### SIXTH AFFIRMATIVE DEFENSE.
### (Off Set).

In the event that it were determined that Plaintiff is entitled to any relief, the amounts due from Plaintiff to Defendants should be off-set against that relief.

### SEVENTH AFFIRMATIVE DEFENSE
### (Contractual defenses)

Rights and remedies between the parties are governed in part by contracts between the parties and all defenses included in those contracts, including the note and mortgage are adopted herein.

### EIGHTH AFFIRMATIVE DEFENSE.
### (Special Damage—Failure to State Claim)

Plaintiff has failed to properly plead or state a claim for any special damage as required by Rule 9(g) or otherwise and therefore any claim should be stricken or denied.

### NINTH AFFIRMATIVE DEFENSE.
### (Defense based on Statute)

To the extent that the rights of the parties including any right to sell are controlled by state statute governing foreclosure Defendants adopt and allege defense they may have including the defense that Plaintiff rights had no further rights as she alleges.

### TENTH AFFIRMATIVE DEFENSE
### (Plaintiffs have not been damaged)

Plaintiffs are precluded from recovery against Defendants because Plaintiffs have not been damaged by the allegations in Plaintiffs' complaint and any damages alleged are not the result of any acts or omissions of Defendants.

### COUNT TWO
### VIOLATIONS OF FAIR HOUSING ACT OF 1968 AS TO OTHER PLAINTIFFS

27.     Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-26 above.

ANSWER:     DLJ restate and realleges its responses to paragraphs 1-26 above.

SPS restate and realleges its responses to paragraphs 1-26 above.

28.     As a proximate result of Defendants' racial discrimination toward Plaintiff Frederick, Plaintiff Samantha Sowell, Simone Sowell and Larry Sowell suffered severe emotional distress, embarrassment, and psychological damage.

ANSWER:     DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

WHEREFORE, DLJ and SPS pray for entry of judgment against Plaintiffs and such further relief as may be just and proper.

### AFFIRMATIVE DEFENSES

Plaintiffs allege rights based on actions directed against Plaintiff Calvita Frederick-Sowell.  Accordingly, Defendants restate their affirmative defenses to Count I for and as their affirmative defenses to this count.

### COUNT THREE
### SECOND VIOLATION OF FAIR HOUSING ACT OF 1968-

29.    Plaintiff restates and realleges each and every allegation contained in Paragraphs 1, and 5-7 above.

ANSWER:    DLJ restates and realleges its responses to paragraphs 1 and 5-7 above.

SPS restates and realleges its responses to paragraphs 1 and 5-7 above.

30.    This actions is brought to redress racial discrimination in residential real estate-related transactions in violation of the Federal Fair Housing Act of 1968 42 USC Sec. 3605 (a) and the Civil Rights Act of 1866, 42 USC Sec 1982.

ANSWER:    DLJ has insufficient knowledge or information to form a belief as to the truth of the allegations contained herein and therefore denies same.  Without waiving or limiting the foregoing, DLJ denies that it has discriminated against Plaintiffs based on race and further denies that Plaintiffs have stated a claim pursuant to the statutory authority cited.

SPS has insufficient knowledge or information to form a belief as to the truth of the allegations contained herein and therefore denies same.  Without waiving or limiting the foregoing, SPS denies that it has discriminated against Plaintiffs based on race and further denies that Plaintiffs have stated a claim pursuant to the statutory authority cited.

31.    Jurisdiction is conferred on this Court by 42 USC Sec 3612 and 28 USC Sec l33l, 1343 (4).

ANSWER:    DLJ admits that this court has subject matter jurisdiction for the reasons set forth in the Notice of Removal filed herein.  Otherwise, DLJ denies the allegations of this paragraph as stated.

SPS admits that this court has subject matter jurisdiction for the reasons set forth in the Notice of Removal filed herein.  Otherwise, SPS denies the allegations of this paragraph as stated.

32.    That Plaintiff, Calvita J. Frederick-Sowell is a member of a protected class, black citizens of the United States.

ANSWER:    DLJ is now informed and believes that Calvita Frederick-Sowell is a black citizen and as such may be considered a member of a "protected class" under certain circumstances.

SPS is now informed and believes that Calvita Frederick-Sowell is a black citizen and as such may be considered a member of a "protected class" under certain circumstances.

33.    On or about May 1, 2007, Plaintiff Calvita J. Frederick-Sowell was a defendant in an action for foreclosure in the Circuit Court of Cook County Department, Chancery Division, entitled DLJ Mortgage Capital, Inc. vs. Calvita Frederick, et. al. 06 CH 2321.

ANSWER:    DLJ admits the allegations of this paragraph.

SPS admits the allegations of this paragraph.

34.    That said matter was scheduled for Sheriff's sale on May 10, 2007.

ANSWER:    DLJ has insufficient knowledge or information to admit or deny the truth of the allegations as alleged and therefore denies same except that DLJ is informed and believes that a judicial sale of the property commonly known as 4753 S. Dorchester Ave., Chicago Illinois was scheduled on May 10, 2007 in accordance with a judgment of foreclosure entered in the subject foreclosure proceeding.

SPS has insufficient knowledge or information to admit or deny the truth of the allegations as alleged and therefore denies same except that SPS is informed and believes that a judicial sale of the property commonly known as 4753 S. Dorchester Ave., Chicago Illinois was scheduled on May 10, 2007 in accordance with a judgment of foreclosure entered in the subject foreclosure proceeding.

35.    That Defendant Frederick made several telephone calls to the office of Defendant Pierce and Associates for the purpose of obtaining the amount of the opening bid.

ANSWER:    DLJ has insufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph as alleged and therefore denies same.

SPS has insufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph as alleged and therefore denies same.

36. That Defendant Frederick was engaged in conversation with Scott Datuma an investor/person interested in attending the sale and purchasing the said real estate and/or

negotiating for the benefit of Plaintiff Frederick. (See Affidavit of Scott Datuma attached hereto

as Plaintiff's Exhibit "C")

ANSWER:    DLJ has insufficient knowledge or information to form a belief as to the truth of
           the allegations of this paragraph as alleged and therefore denies same.

           SPS has insufficient knowledge or information to form a belief as to the truth of
           the allegations of this paragraph as alleged and therefore denies same.

37.    That Plaintiff Frederick was informed via a recorded message left by the office of

Defendant Pierce and Associates that the Sheriff's Sale had been postponed and that Plaintiff

Frederick should check for the date and time to which the Sheriff's sale would be rescheduled.

(See Affidavit of Calvita J. Frederick, attached hereto as Plaintiffs Exhibit "D")

ANSWER:    DLJ has insufficient knowledge to form a belief as to the truth of the allegations
           of this paragraph as alleged and therefore denies same and further denies that the
           exhibits attached are as alleged. In addition, DLJ objects to any efforts to
           introduce evidence by way of pleading and moves to strike any "affidavits"
           offered in support of the pleading.

           SPS has insufficient knowledge or information o form a belief as to the truth of
           the allegations of this paragraph as alleged and therefore denies same and further
           denies that the exhibits attached are as alleged. In addition, SPS objects to any
           efforts to introduce evidence by way of pleading and moves to strike any
           "affidavits" offered in support of the pleading.

38.    That notwithstanding said message to the contrary, the Sheriffs Sale was

conducted on May 10, 2007, and the Defendant DLJ Mortgage Capital, Inc was the successful

bidder in the amount of $598,356.74. (See Report of Sale and Distribution and Defendant's

Notice of Motion attached hereto as Plaintiffs Exhibit "E")

ANSWER:    DLJ is informed and believes that a sale did proceed on May 10, 2007 and that
           DLJ was the successful bidder in the amount alleged.  DLJ admits that a report of
           that sale is attached. DLJ denies the remaining allegations of this paragraph.

           SPS is informed and believes that a sale did proceed on May 10, 2007 and that
           DLJ was the successful bidder in the amount alleged.  SPS admits that a report of
           that sale is attached. SPS denies the remaining allegations of this paragraph.

39.     Notwithstanding said bid amount, shortly thereafter Defendants presented

Plaintiff Frederick and her counsel a current Pay-off statement showing the amount of the

indebtedness on said property to be $468,609.37. (See Defendant Pierce & Associates Pay-Off

letter dated August 21, 2007 attached hereto as Plaintiffs Exhibit "F")

ANSWER:     DLJ denies that it presented Plaintiff and her counsel with a pay-off statement or
            that there is any document attached as Exhibit F, including any document that
            states as alleged.

            SPS denies that it presented Plaintiff with a "pay-off statement" or that there is
            any document attached as Exhibit F, including any document that states as
            alleged.

40.     That the matter of the Sheriff's Sale was the subject of a successful motion by

Plaintiff to Vacate the Sheriffs Sale and the Order Approving the Sheriffs Sale heard by the

Circuit Court of Cook County and Order so entered on or about September 11, 2007. (See

Plaintiffs Motion, Response, Reply and Order of Court, attached hereto and made a part hereof

as Plaintiffs group Exhibit "G")

ANSWER:     DLJ is informed and believes that an order confirming sale was vacated on or
            about September 11, 2007 and therefore admits same.  DLJ objects to Plaintiffs
            attaching documents as exhibits and directing that the defendants "See" those
            exhibits as being improper pleading under Rule 8 of the Federal Rules of Civil
            Procedure and moves to strike said references and exhibits.

            SPS is informed and believes that an order confirming sale was vacated on or
            about September 11, 2007 and therefore admits same.  SPS objects to Plaintiffs
            attaching documents as exhibits and directing that the defendants "See" those
            exhibits as being improper pleading under Rule 8 of the Federal Rules of Civil
            Procedure and moves to strike said references and exhibits.

41.     That upon information and belief, Scott Datuma was an investor who met all of

the relevant requirements to purchase said property.

ANSWER:     DLJ lacks sufficient knowledge or information to form a belief as to the truth of
            the allegations in this paragraph for reasons that include a lack of knowledge as to

what Plaintiff means by "relevant requirements" or otherwise.  Accordingly, DLJ denies the allegations.

SPS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph for reasons that include a lack of knowledge as to what Plaintiff means by "relevant requirements" or otherwise. Accordingly, SPS denies the allegations.

42.    That Defendants and each of them interfered with Plaintiffs right to transact

business with a third party investor for the purpose of selling or saving her property by denying

Plaintiff and her investor the opportunity to attend and participate in the Sheriffs Sale.

ANSWER:    DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

43.    That Defendants and each of them continue to engage in and cooperate with this

type of real estate related transaction with other parties with similar qualifications and conditions

as those of Plaintiff Frederick.

ANSWER:    DLJ has insufficient knowledge to form a belief as to the truth of these allegations for reasons that include it is uncertain as to all of the practices of each defendant and further it is uncertain as to what Plaintiff means by "this type of real estate related transaction" or "other parties with similar qualifications and conditions as those of Plaintiff Frederick" and therefore it denies same.  DLJ otherwise denies the allegations and conclusions of this paragraph as they relate to DLJ.

SPS has insufficient knowledge to form a belief as to the truth of these allegations for reasons that include it is uncertain as to the all of the practices of each defendant and further it is uncertain as to what Plaintiff means by "this type of real estate related transaction" or "other parties with similar qualifications and conditions as those of Plaintiff Frederick" and therefore it denies same.  SPS otherwise denies the allegations and conclusions of this paragraph as they relate to SPS.

44.    That Defendants and each of them treat similarly situated people differently.

ANSWER:    DLJ has insufficient knowledge to form a belief as to the truth of these allegations for reasons that include it is uncertain as to all of the practices or actions of the other defendants and it is uncertain as to what Plaintiff means or is referring to when she states "treat similarly situated people differently".  DLJ otherwise denies the allegations of this paragraph as they are directed to DLJ and are

intended to suggest that DLJ discriminates based on race in violation of the statutes relied upon by Plaintiff.

SPS has insufficient knowledge to form a belief as to the truth of these allegations for reasons that include it is uncertain as to all of the practices or actions of the other defendants and it is uncertain as to what Plaintiff means or is referring to when she states "treat similarly situated people differently". SPS otherwise denies the allegations of this paragraph as they are directed to SPS and are intended to suggest that SPS discriminates based on race in violation of the statutes relied upon by Plaintiff.

45.     That Defendants and each of them interfered with Plaintiff Frederick's right to participate in the Sheriffs Sale and save her home by purposely misleading Plaintiff Frederick as to the time and date of said Sheriffs Sale.

ANSWER:     DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

46.     At all times relevant thereto, Plaintiff was ready, willing and able to attend said Sheriffs Sale and upon information and belief her investor, Scott Datuma, was ready willing and able to buy said property and or negotiate on Plaintiff Frederick's behalf at the Sheriff's Sale.

ANSWER:     DLJ lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies same.

SPS lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies same.

47.     Defendants acted in a willful and wanton manner in denying Plaintiff Frederick the opportunity to participate in the Sheriffs Sale and prevent the loss of her home to foreclosure, because of Plaintiffs race.

ANSWER:     DLJ denies the allegations of this paragraph.

SPS denies the allegation of this paragraph.

48.     As a proximate result of Defendants' racial discrimination, Plaintiff Frederick

suffered severe emotional and physical distress, embarrassment, psychological damage with physical manifestations and the deprivation of her civil rights. Plaintiff has been forced to remain in the foreclosure process in an effort to keep her home. Defendants have rescheduled the Sheriff's sale for November 16, 2007.

ANSWER:   DLJ denies the allegations of this paragraph except that DLJ is informed and believes that at one time the foreclosure sale was rescheduled for November 16, 2007.

SPS denies the allegations of this paragraph except that DLJ is informed and believes that at one time the foreclosure sale was rescheduled for November 16, 2007.

49.   Defendants have interfered in Plaintiffs' real estate related transaction in violation of 42 USC Sec 3605(a) and 42 USC Sec. 1982.

ANSWER:   DLJ denies the allegations of this paragraph.

SPS DLJ denies the allegations of this paragraph.

50. Defendants and each of them have denied Plaintiffs, on account of race, he same rights as is guaranteed to white persons to sell real property in violation of the Civil Rights Act of 1866, 42 USC Sec 1982.

ANSWER:   DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

WHEREFORE, DLJ and SPS pray for entry of judgment against Plaintiff and for such other relief as may be just and proper.

## FIRST AFFIRMATIVE DEFENSE.
### (Failure to State Claim)

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE.
### (Estoppel/Issue preclusion)

18

Plaintiff's claims are barred based the doctrines of issue preclusion including but not limited to res judicata and collateral estoppel as any rights to "sell" the subject property were the subject of a judgment of foreclosure entered by the State Court in the foreclosure action identified in Plaintiff's complaint.

### THIRD AFFIRMATIVE DEFENSE.
### (Waiver and Estoppel)

Plaintiff has by her own actions waived and is estopped from asserting any claim based on any alleged failure to allow her to sell the subject property as she purports to allege.

### FOURTH AFFIRMATIVE DEFENSE.
### (Proximate Cause)

Plaintiff's own conduct including specifically her failure to comply with her obligations under the mortgage and note at issue were the proximate cause of any damage that she may have sustained as the result of the actions taken in the foreclosure proceedings.

### FIFTH AFFIRMATIVE DEFENSE.
### (Off Set).

In the event that it were determined that Plaintiff is entitled to any relief, the amounts due from Plaintiff to Defendants should be off-set against that relief.

### SIXTH AFFIRMATIVE DEFENSE
### (Contractual defenses)

Rights and remedies between the parties are governed in part by contracts between the parties and all defenses included in those contracts, including the note and mortgage are adopted herein.

### SEVENTH AFFIRMATIVE DEFENSE.
### (Election of Remedies)

Plaintiff by her actions elected her remedy in the state court foreclosure proceeding and is not entitled to any further relief.

### EIGHTH AFFIRMATIVE DEFENSE.
### (Special Damage—Failure to State Claim)

Plaintiff has failed to properly plead or state a claim for any special damage as required by Rule 9(g) or otherwise and therefore any claim should be stricken or denied.

### NINTH AFFIRMATIVE DEFENSE.

**(Defense based on Statute)**

To the extent that the rights of the parties including any right to sell are controlled by state statute governing foreclosure Defendants adopt and allege defense they may have including the defense that Plaintiff rights had no further rights as she alleges.

## TENTH AFFIRMATIVE DEFENSE
### (Plaintiffs have not been damaged)

Plaintiffs are precluded from recovery against Defendants because Plaintiffs have not been damaged by the allegations in Plaintiffs' complaint and any damages alleged are not the result of any acts or omissions of Defendants.

## COUNT FOUR

## VIOLATIONS OF FAIR HOUSING ACT OF 1968 AS TO OTHER PLAINTIFFS

51.    Plaintiffs restate and reallege each and every allegation contained in Paragraphs

2-7 and 30-50 above.

ANSWER:    DLJ restates and realleges its responses to paragraphs 2-7 and 30-50 above.

SPS restates and realleges its responses to paragraphs 2-7 and 30-50 above.

52. As a proximate result of Defendants' racial discrimination toward Plaintiff

Frederick, Plaintiffs Samantha Sowell, Simone Sowell and Larry Sowell suffered severe

emotional distress, embarrassment, psychological damage and the deprivation of their civil

rights.

ANSWER:    DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

WHEREFORE, DLJ and SPS pray for entry of judgment against Plaintiffs and such further relief as may be just and proper.

## AFFIRMATIVE DEFENSES

Plaintiffs allege rights based on actions directed against Plaintiff Calvita Frederick-Sowell. Accordingly, Defendants restate their affirmative defenses to Count III for and as their affirmative defenses to this count.

## COUNT FIVE
## TORTIOUS INTERFERNECE WITH A BUSINESS RELATIONSHIP WITH THOMASINA DIXON

53. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 and 5-7 above.

ANSWER:    DLJ restates and realleges its responses to paragraphs 1 and 5-7 above.

54. On or about January 2, 2005, and continuing thereafter, Plaintiff Calvita J.Frederick-Sowell commenced a business relationship with a third party Thomasina Dixon, which contemplated the sale of Plaintiff's real property located at 4753 S. Dorchester Aye, Chicago, Ii. to Thomasina Dixon, whereby Plaintiff had a reasonable expectation of economic gain and avoidance of foreclosure on said property.

ANSWER:    DLJ lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies same. Otherwise DLJ denies that any sale contemplated as proposed would have resulted in economic gain or avoidance of foreclosure.

SPS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies same. Otherwise, SPS denies that any sale contemplated as proposed would have resulted in economic gain or avoidance of foreclosure.

55. At all times relevant to this action, the third party Thomasina Dixon was an independent entity, unaffiliated with the Defendants.

ANSWER:    DLJ lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies same. Without waiving or limiting the foregoing, DLJ admits that Thomasina Dixon was not "affiliated" with it.

SPS lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies same. Without waiving or limiting the foregoing, SPS admits that Thomasina Dixon was not "affiliated" with it.

56. On or about April 25, 2005, and continuing thereafter during the time Plaintiff was negotiating a second real estate contract with the third party, Thomasina Dixon, in conjunction with the business relationship described in Paragraph 54, Defendants continued a course of conduct, including requiring more than what was owed on the property, and refusal to provide information necessary to complete the sale of said real estate including pay off information, which was intended to disrupt Plaintiff's relationship with the third party, and which in fact did disrupt that relationship.

ANSWER:     DLJ lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding any negotiations between Plaintiff and Thomasina Dixon and therefore denies said allegations.  DLJ denies the remaining allegations of this paragraph.

SPS lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding any negotiations between Plaintiff and Thomasina Dixon and therefore denies said allegations. SPS denies the remaining allegations of this paragraph.

57. In engaging in the conduct described in Paragraph 56, Defendants intended to impair or destroy Plaintiff's business relationship with the third party Thomasina Dixon, thereby destroying Plaintiff's expectancy of economic gain.  Defendants engaged in the interfering conduct with malice toward Plaintiff Frederick and a desire to injure Plaintiff Frederick economically, and with wantonness and disregard of Plaintiff Frederick's rights. Defendants' conduct was improper, unlawful and unfair, in that it involved a restraint of trade and prevented Plaintiff the opportunity to complete the sale her property.

ANSWER:     DLJ denies the allegations and conclusions of this paragraph.

SPS denies the allegations and conclusions of this paragraph.

58. The conduct engaged in by the Defendants and described in Paragraph 56 was the proximate cause of the loss or impairment of Plaintiff Frederick's business relationship with the third party, Thomasina Dixon, which resulted in the Plaintiff Frederick's loss of expectancy of economic gain.

ANSWER:    DLJ denies the allegations and conclusions of this paragraph.

SPS denies the allegations and conclusions of this paragraph.

59. As a result of the impairment or loss of Plaintiff Frederick's business relationship with the third party Thomasina Dixon, Plaintiff suffered a loss of economic expectancy arising from the relationship, including damages in the form of foreclosure proceedings against Plaintiff Frederick, compensatory damages in excess of $200,000, emotional distress, psychological damage, embarrassment, deprivation of civil rights and out of pocket expenses.

ANSWER:    DLJ denies the allegations and conclusions of this paragraph.

SPS denies the allegations and conclusions of this paragraph.

60. Defendants were not justified or privileged to engage in the conduct described in Paragraph 56, which resulted in the impairment or loss of Plaintiff's business relationship with the third party, Thomasina Dixon.

ANSWER:    DLJ denies the allegations and conclusions of this paragraph.

SPS denies the allegations and conclusions of this paragraph.

WHEREFORE, DLJ and SPS pray for entry of judgment against Plaintiffs and such further relief as may be just and proper.

### <ins>FIRST AFFIRMATIVE DEFENSE.</ins><br><ins>(Failure to State Claim)</ins>

Plaintiffs have failed to state a claim upon which relief can be granted.

### <ins>SECOND</ins><br><ins>(Estoppel/Issue preclusion)</ins>

Plaintiff's claims are barred based the doctrines of issue preclusion including but not limited to res judicata and collateral estoppel as any rights to "sell" the subject property were the subject of a judgment of foreclosure entered by the State Court in the foreclosure action identified in Plaintiff's complaint.

### THIRD AFFIRMATIVE DEFENSE.
### (Waiver and Estoppel)

Plaintiff has by her own actions waived and is estopped from asserting any claim based on any alleged failures as she alleges.

### FOURTH AFFIRMATIVE DEFENSE.
### (Proximate Cause)

Plaintiff's own conduct including specifically her failure to comply with her obligations under the mortgage and note at issue were the proximate cause of any damage that she may have sustained as the result of the actions taken in the foreclosure proceedings.

### FIFTH AFFIRMATIVE DEFENSE.
### (Off Set).

In the event that it were determined that Plaintiff is entitled to any relief, the amounts due from Plaintiff to Defendants should be off-set against that relief.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims are barred in whole or part for failure to take steps to mitigate.

### SEVENTH AFFIRMATIVE DEFENSE.
(Comparative or contributory fault)

Although DLJ and SPS deny any liability or that Plaintiff has any right to relief, to the extent that any such right were found then any damage or loss sustained by Plaintiff was caused by the sole or comparative fault of persons or entities other than Defendants DLJ and SPS, including Plaintiff herself and therefore her damage or loss if any should be reduced or barred based on the fault of others including her own.

### EIGHTH AFFIRMATIVE DEFENSE.
### (Special Damage—Failure to State Claim)
Plaintiff has failed to properly plead or state a claim for any special damage as required by Rule 9(g) or otherwise and therefore any claim should be stricken or denied.

### NINTH AFFIRMATIVE DEFENSE
### (Plaintiffs have not been damaged)

Plaintiffs are precluded from recovery against Defendants because Plaintiffs have not been damaged by the allegations in Plaintiffs' complaint and any damages alleged are not the result of any acts or omissions of Defendants.

## COUNT SIX
## TORTIOUS INTERFERENCE WITH A BUSINESS
## RELATIONSHIP WITH SCOTT DATUMA

61.     Plaintiff restates and realleges each and every allegation contained in Paragraphs I and 5-7 above.

ANSWER:     DLJ restates and realleges its responses to paragraphs 1 and 5-7 above.

SPS restates and realleges its responses to paragraphs 1 and 5-7 above.

62.     On or about May 1, 2007 Plaintiff Calvita J. Frederick-Sowell commenced a business relationship with a third party Scott Datuma, which contemplated the bidding on or negotiating the purchase of Plaintiff's real property located at 4753 S. Dorchester Aye, Chicago, IL. at the Sheriff's Sale scheduled for May 10, 2007, whereby Plaintiff had a reasonable expectation of economic gain and avoidance of loosing her said property currently involved in a foreclosure proceeding in the Circuit Court of Cook County Department, Chancery Division, entitled DLJ Mortgage Capital, Inc. vs. Calvita Frederick, et. al. 06 CH 2321.

ANSWER:     DLJ lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies same.  Further, DLJ denies that Plaintiff has alleged any "business relationship" which would give rise to any claim and further denies that Plaintiff had a reasonable expectation of economic gain and avoidance of loosing her said property currently involved in a foreclosure proceeding in the Circuit Court of Cook County Department, Chancery Division, entitled DLJ Mortgage Capital, Inc. vs. Calvita Frederick, et. al. 06 CH 2321.

.

SPS lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies same. Further, SPS denies that Plaintiff has alleged any "business relationship" which would give rise to any claim and further denies that Plaintiff had a reasonable expectation of economic

25

gain and avoidance of loosing her said property currently involved in a foreclosure proceeding in the Circuit Court of Cook County Department, Chancery Division, entitled DLJ Mortgage Capital, Inc. vs. Calvita Frederick, et. al. 06 CH 2321.

63.     At all times relevant to this action, the third party Scott Datuma was an

independent entity, unaffiliated with the Defendants.

ANSWER:     DLJ lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies same.  Without waiving or limiting the foregoing, DLJ admits that Scott Datuma was not affiliated with DLJ.

SPS lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies same.  Without waiving or limiting the foregoing, SPS admits that Scott Datuma was not affiliated with SPS.

64. On or about May 9, 2007, during the time Plaintiff was negotiating with the third

party, Scott Datuma in conjunction with the business relationship described in Paragraph 62,

Defendants began a course of conduct consisting of refusal to provide opening bid information

necessary for Plaintiff and Scott Datuma to attend the Sheriff's Sale and further informing

Plaintiff that said Sheriff's sale would not take place at the date and time scheduled, which said

Information caused Plaintiff and Scott Datuma to not attend the Sheriffs Sale, which was

intended to disrupt Plaintiffs relationship with the third party, Scott Datuma and which in fact did

disrupt that relationship. (See Affidavit of Scott Datuma and Calvita J. Frederick attached

heretofore as Exhibits "C" and "D")

ANSWER:     DLJ denies the allegations of this paragraph.  DLJ further denies that anyone had an obligation to provide an "opening bid" prior to sale or that said information was necessary for anyone, including Plaintiff, to attend a sale.

SPS denies the allegations of this paragraph. SPS further denies that anyone had an obligation to provide an "opening bid" prior to sale or that said information was necessary for anyone, including Plaintiff, to attend a sale.

65. In engaging in the conduct described in Paragraph 64, Defendants intended to impair

or destroy Plaintiff's business relationship with the third party Scott Datuma, thereby destroying

Plaintiff's expectancy of economic gain. Defendants engaged in the interfering conduct with

malice toward Plaintiff and a desire to injure Plaintiff economically, and with wantonness and

disregard of Plaintiffs rights. Defendants' conduct was improper, unlawful and unfair, in that

it involved a restraint of trade and prevented Plaintiff the opportunity to sell her property.

ANSWER:     DLJ denies the allegations of this paragraph.

            SPS denies the allegations of this paragraph.


66. The conduct engaged in by the Defendants and described in Paragraph 64 was the

proximate cause of the loss or impairment of Plaintiff's business relationship with the third party,

Scott Datuma, which resulted in the Plaintiffs loss of expectancy of economic gain.

ANSWER:     DLJ denies the allegations of this paragraph.

            SPS denies the allegations of this paragraph.


67. As a result of the impairment or loss of Plaintiffs business relationship with the third

party Scott Datuma, Plaintiff suffered a loss of economic expectancy arising from the

relationship, including damages in the form of continuing foreclosure proceedings against

Plaintiff, compensatory damages amounting to $200,000, emotional and physical distress,

psychological damage, embarrassment, deprivation of civil rights and out of pocket expenses.

ANSWER:     DLJ denies the allegations of this paragraph.

            SPS denies the allegations of this paragraph.


68. Defendants were not justified or privileged to engage in the conduct described in

Paragraph 64, which resulted in the impairment or loss of Plaintiff's business relationship with

the third party, Scott Datuma.

ANSWER:    DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

WHEREFORE, DLJ and SPS pray for entry of judgment against Plaintiffs and such further relief as may be just and proper.

## AFFIRMATIVE DEFENSES.

Defendants DLJ and SPS readopt and reallege their affirmative defenses to Count Five. In addition, Defendants DLJ and SPS readopt and reallege their Seventh and Eight Affirmative Defenses to Count III for and as affirmative defenses to this count.

## COUNT SEVEN
## VIOLATION OF THE ILLINOIS MORTGAGE FORECLOSURE LAW

69.    Plaintiff restates and realleges each and every allegation contained in

Paragraphs 1 and 5-7, above.

ANSWER:    DLJ restates and realleges its responses to paragraphs 1 and 5-7 above.

SPS restates and realleges its responses to paragraphs 1 and 5-7 above.

70. The Illinois Mortgage Foreclosure Act (IMFL) 735 ILCS 5/15-1101, et seq.,

imposes on the mortgagee a duty of good faith and fair dealing in the pursuit of foreclosure

actions.

ANSWER:    DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

71.    Plaintiff restates and realleges each and every allegation contained in Paragraphs

12-22 above.

ANSWER:    DLJ restates and realleges its responses to the allegations contained in paragraphs 12-22 above.

SPS restates and realleges its responses to the allegations contained in paragraphs 12- 22 above.

72.　Defendant's actions in failing to cooperate with the sale of the aforesaid property to Thomasina Dixon breached their duty of good faith and fair dealings.

ANSWER:　DLJ denies the allegations and conclusions of this paragraph including any duty as alleged.

SPS denies the allegations and conclusions of this paragraph including any duty as alleged.

73.　Defendant's actions in failing to cooperate with the sale of the aforesaid property to Thomasina Dixon resulted in a wonton and malicious disregard of Plaintiff Frederick's right to sell her property.

ANSWER:　DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

74.　Defendant's actions in failing to cooperate with the sale of the aforesaid property to Thomasina Dixon was an unfair and deceptive trade practice in view of Defendant's submission of a payoff statement in September 2007 for less than the sale amount from 2005 which amount was rejected by the Defendants. (See Defendant's Payoff statement attached hereto as Exhibit "F")

ANSWER:　DLJ denies the allegations of this paragraph.  DLJ objects to Plaintiff's attaching documents as exhibits with the direction to "see" said exhibit without including a plain and consise statement of what is being alleged as required by Rule 8 of the Federal Rules of Civil Procedure and moves to strike said allegations and references.

SPS denies the allegations of this paragraph. SPS objects to Plaintiff's attaching documents as exhibits with the direction to "see" said exhibit without including a plain and concise statement of what is being alleged as required by Rule 8 of the Federal Rules of Civil Procedure and moves to strike said allegations and references.

WHEREFORE, DLJ and SPS pray that judgment be entered against Plaintiff and for such other relief as may be just and proper.

## FIRST AFFIRMATIVE DEFENSE.
### (Failure to State Claim)

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND
### (Estoppel/Issue preclusion)

Plaintiff's claims are barred based the doctrines of issue preclusion including but not limited to res judicata and collateral estoppel as any rights to "sell" the subject property were the subject of a judgment of foreclosure entered by the State Court in the foreclosure action identified in Plaintiff's complaint.

## THIRD AFFIRMATIVE DEFENSE.
### (Waiver and Estoppel)

Plaintiff has by her own actions waived and is estopped from asserting any claim based on any alleged failures as she alleges.

## FOURTH AFFIRMATIVE DEFENSE.
### (Proximate Cause)

Plaintiff's own conduct including specifically her failure to comply with her obligations under the mortgage and note at issue were the proximate cause of any damage that she may have sustained as the result of the actions taken in the foreclosure proceedings.

## FIFTH AFFIRMATIVE DEFENSE.
### (Off Set).

In the event that it were determined that Plaintiff is entitled to any relief, the amounts due from Plaintiff to Defendants should be off-set against that relief.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims are barred in whole or part for failure to take steps to mitigate.

## SEVENTH AFFIRMATIVE DEFENSE.
### (Comparative or contributory fault)

Although DLJ and SPS deny any liability or that Plaintiff has any right to relief, to the extent that any such right were found then any damage or loss sustained by Plaintiff was caused by the sole or comparative fault of persons or entities other than Defendants DLJ and SPS, including Plaintiff herself and therefore her damage or loss if any should be reduced or barred based on the fault of others including her own.

## EIGHTH AFFIRMATIVE DEFENSE.
### (Special Damage—Failure to State Claim)

Plaintiff has failed to properly plead or state a claim for any special damage as required by Rule 9(g) or otherwise and therefore any claim should be stricken or denied.

## NINTH AFFIRMATIVE DEFENSE
### (Plaintiffs have not been damaged)

Plaintiffs are precluded from recovery against Defendants because Plaintiffs have not been damaged by the allegations in Plaintiffs' complaint and any damages alleged are not the result of any acts or omissions of Defendants.

## COUNT EIGHT
## SECOND VIOLATION OF THE ILLINOIS
## MORTGAGE FORECLOSURE LAW

75. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 and 5-7 above.

ANSWER:    DLJ restates and realleges its responses to paragraphs 1 and 5-7 above.
SPS restates and realleges its response to paragraphs 1 and 5-7 above.

76. The Illinois Mortgage Foreclosure Act (IMFL) 735 ILCS 5/15-1101, et seq., imposes on the mortgagee a duty of good faith and fair dealing in the pursuit of foreclosure actions.

ANSWER:    DLJ denies the allegations and conclusions of this paragraph.

SPS denies the allegations and conclusions of this paragraph.

77.    Plaintiff restates and realleges each and every allegation contained in Paragraphs 37-47 above.

ANSWER:    DLJ restates and realleges its responses to paragraphs 37-47 above.

SPS restates and realleges its responses to paragraphs 37-47 above.

78. Defendant's actions in intentionally interfering with Plaintiff Frederick and her investor Scott Datuma's ability to attend and participate in the Sheriff's Sale scheduled for May 10, 2007, breached their duty of good faith and fair dealings.

ANSWER:    DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

79.    Defendant's actions in intentionally misleading Plaintiff Frederick as to the

cancellation of the Sheriff's Sale scheduled for May 10, 2007, resulted in a wonton and

malicious disregard of Plaintiff Frederick's right to notice and attendance at the Sheriff's sale of

said property.

ANSWER:    DLJ denies the allegations and conclusions of this paragraph.

SPS denies the allegations and conclusions of this paragraph.

80.    Defendant's actions in intentionally misleading Plaintiff Frederick as to the date

and time of the Sheriff's Sale of her property were an unfair and deceptive trade practice.

ANSWER:    DLJ denies the allegations and conclusions of this paragraph.

SPS denies the allegations and conclusions of this paragraph.

WHEREFORE, DLJ and SPS pray for entry of judgment against Plaintiff and for such
other relief as may be just and proper.

## AFFIRMATIVE DEFENSES.

Defendants restate and reallege their affirmative defenses to Count VII for and as their
affirmative defenses to this count.

## COUNT NINE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81. Plaintiff restates and realleges each and every allegation contained in Paragraphs I

and 5-7, and 12-26 above.

ANSWER:    DLJ restates and realleges is responses to paragraphs 1, 5-7 and 12-26 above.

SPS restates and realleges is responses to paragraphs 1, 5-7 and 12-26 above.

82. Plaintiff Frederick has resided in the aforesaid property since December of 1994.

Plaintiff Larry Sowell has resided intermittently in said property since the parties were married in

1995. Plaintiff's Samantha, age 10 and Simone, age 7 both minor children have resided in said

property since their birth.

ANSWER:    DLJ lacks sufficient knowledge or information to form a belief as to the truth of
the allegations in this paragraph and therefore denies same.

SPS lacks sufficient knowledge or information to form a belief as to the truth of
the allegations in this paragraph and therefore denies same.

83. At the time and place aforesaid, Defendants and each of them stood in a position of

authority over Plaintiff Frederick with actual authority over Plaintiff as to her ability to sell the

said property.

ANSWER:    DLJ denies the allegations and conclusions of this paragraph except that DLJ
admits that because of its security interest and the judgment of foreclosure it had
certain rights in the property commonly known as 4753 S. Dorchester Ave.,
Chicago, Illinois.

SPS denies the allegations and conclusions of this paragraph except that DLJ
admits that because of its security interest and the judgment of foreclosure it had
certain rights in the property commonly known as 4753 S. Dorchester Ave.,
Chicago, Illinois.

84. At the time and place aforesaid Defendants and each of them knew or should have

know that Plaintiff Frederick was recently divorced, a single mother with two minor children

living in the residence and that Plaintiff was involved in a fledgling business venture and was in

arrears in her mortgage payments.

ANSWER:    DLJ lacks sufficient knowledge or information to form a belief as to the truth of
the allegations or conclusions this paragraph for reasons that include the fact that
the allegations are vague and ambiguous including specifically what Plaintiff is
referring to as the "time and place aforesaid". Without waiving or limiting the
foregoing, DLJ admits that Plaintiff has been in default of her mortgage and note
for many years for failure to make payments or otherwise perform in accordance
therewith. Otherwise, DLJ denies the remaining allegations of this paragraph.

SPS lacks sufficient knowledge or information to form a belief as to the truth of
the allegations or conclusions this paragraph for reasons that include the fact that
the allegations are vague and ambiguous including specifically what Plaintiff is

referring to as the "time and place aforesaid". Without waiving or limiting the foregoing, SPS admits that Plaintiff has been in default of her mortgage and note for many years for failure to make payments or otherwise perform in accordance therewith.  Otherwise, SPS denies the remaining allegations of this paragraph.

85.     At the time and place aforesaid Defendants knew or should have know that their refusal to allow the sale of said property had a strong probability of causing emotional distress to the Plaintiff Frederick.

ANSWER:     DLJ denies the allegations of this paragraph as alleged.

SPS denies the allegations of this paragraph as alleged.

86. At the time and place aforesaid Defendants committed one or more of the following acts:

   a. Refused to provide pay off figures and/or statements necessary to complete the sale of the aforesaid property despite numerous requests by Plaintiff Frederick to do so;

   b. Failed and refused to cooperate with Plaintiff Frederick's counsel to complete the sale of the aforesaid property despite numerous requests to do so;

   c. Failed and refused to cooperate with Thomasina Dixon's mortgage company/broker to complete the sale of the aforesaid;

   d.   Failed and refused to provide a consistent amount owed on said property;

ANSWER:     DLJ denies the allegations of this paragraph and further denies that Plaintiff has properly alleged any duty to perform as alleged.

SPS denies the allegations of this paragraph and further denies that Plaintiff has properly alleged any duty to perform as alleged.

87. As a proximate result of one or more of these intentional acts or omissions, Plaintiff sustained severe and extreme emotional and physical distress.

ANSWER:     DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

WHEREFORE, DLJ and SPS pray for entry of judgment against Plaintiff and for such other relief as may be just and proper.

### FIRST AFFIRMATIVE DEFENSE.
### (Failure to State Claim)

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND
### (Estoppel/Issue preclusion)

Plaintiff's claims are barred based the doctrines of issue preclusion including but not limited to res judicata and collateral estoppel as any rights to "sell" the subject property were the subject of a judgment of foreclosure entered by the State Court in the foreclosure action identified in Plaintiff's complaint.

### THIRD AFFIRMATIVE DEFENSE.
### (Waiver and Estoppel)

Plaintiff has by her own actions waived and is estoped from asserting any claim based on any alleged failures as she alleges.

### FOURTH AFFIRMATIVE DEFENSE.
### (Proximate Cause)

Plaintiff's own conduct including specifically her failure to comply with her obligations under the mortgage and note at issue were the proximate cause of any damage that she may have sustained as the result of the actions taken in the foreclosure proceedings.

### FIFTH AFFIRMATIVE DEFENSE.
### (Off Set).

In the event that it were determined that Plaintiff is entitled to any relief, the amounts due from Plaintiff to Defendants should be off-set against that relief.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims are barred in whole or part for failure to take steps to mitigate.

### SEVENTH AFFIRMATIVE DEFENSE.
(Comparative or contributory fault)

Although DLJ and SPS deny any liability or that Plaintiff has any right to relief, to the extent that any such right were found then any damage or loss sustained by Plaintiff was caused by the sole or comparative fault of persons or entities other than Defendants DLJ and SPS, including Plaintiff herself and therefore her damage or loss if any should be reduced or barred based on the fault of others including her own.

### EIGHTH AFFIRMATIVE DEFENSE.
**(Special Damage—Failure to State Claim)**

Plaintiff has failed to properly plead or state a claim for any special damage as required by Rule 9(g) or otherwise and therefore any claim should be stricken or denied.

### NINTH AFFIRMATIVE DEFENSE.
**(Defense based on Statute)**

To the extent that the rights of the parties including any right to sell are controlled by state statute governing foreclosure Defendants adopt and allege defense they may have including the defense that Plaintiff rights had no further rights as she alleges.

### TENTH AFFIRMATIVE DEFENSE
**(Plaintiffs have not been damaged)**

Plaintiffs are precluded from recovery against Defendants because Plaintiffs have not been damaged by the allegations in Plaintiffs' complaint and any damages alleged are not the result of any acts or omissions of Defendants.

### COUNT TEN
### SECOND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88.    Plaintiff restates and realleges each and every allegation contained in paragraphs

1 and 5-7, and 33-50 above.

ANSWER:    DLJ restates and realleges its responses to paragraphs 1, 5-7 and 33-50 above.

SPS restates and realleges its responses to paragraphs 1, 5-7 and 33-50 above.

89.    Plaintiff Frederick has resided in the aforesaid property since December of 1994.

Plaintiff Larry Sowell has resided in said property since the parties were married in 1995.

Plaintiffs Samantha, age 10 and Simone, age 7 both minor children have resided in said property

since their birth.

ANSWER:    DLJ lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

SPS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

90.    At the time and place aforesaid, Defendants and each of them stood in a position of authority over Plaintiff Frederick with actual authority over Plaintiff as to her ability to appear at the Sheriffs Sale prepared to buy the said property.

ANSWER:    DLJ denies the allegations and conclusions of this paragraph except that DLJ admits that because of its security interest and the judgment of foreclosure it had certain rights in the property commonly known as 4753 S. Dorchester Ave., Chicago, Illinois.

SPS denies the allegations and conclusions of this paragraph except that DLJ admits that because of its security interest and the judgment of foreclosure it had certain rights in the property commonly known as 4753 S. Dorchester Ave., Chicago, Illinois.

91.    At the time and place aforesaid Defendants and each of them knew or should have know that Plaintiff Frederick was recently divorced, a single mother with two minor children living in the residence and that Plaintiff was involved in a fledgling business venture and was in arrears in her mortgage payments with a Sheriffs Sale scheduled.

ANSWER:    DLJ lacks sufficient knowledge or information to form a belief as to the truth of the allegations or conclusions this paragraph for reasons that include the fact that the allegations are vague and ambiguous including specifically what Plaintiff is referring to as the "time and place aforesaid". Without waiving or limiting the foregoing, DLJ admits that Plaintiff has been in default of her mortgage and note for many years for failure to make payments or otherwise perform in accordance therewith. Otherwise, DLJ denies the remaining allegations of this paragraph.

SPS lacks sufficient knowledge or information to form a belief as to the truth of the allegations or conclusions this paragraph for reasons that include the fact that the allegations are vague and ambiguous including specifically what Plaintiff is referring to as the "time and place aforesaid" . Without waiving or limiting the foregoing, SPS admits that Plaintiff has been in default of her mortgage and note for many years for failure to make payments or otherwise perform in accordance therewith. Otherwise, SPS denies the remaining allegations of this paragraph.

92.    At the time and place aforesaid Defendants knew or should have know that their

refusal to provide the requested information that allow the bidding on said property at the

Sheriffs Sale had a strong probability of causing emotional distress to the Plaintiff Frederick.

ANSWER:    DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

93. At the time and place aforesaid Defendants committed one or more of the following

acts:

a. Defendants failed and refused numerous times to provide the

requested opening bid amount despite Plaintiffs numerous requests

over several days for said information;

b. Defendants advised Plaintiff Frederick that the Sale scheduled for

10:00 AM would take place at 2:00PM that same day;

c. Defendants advised Plaintiff Frederick via recorded telephone

message that the Sheriffs sale scheduled for 2:00 PM was cancelled

and would be rescheduled to a new date and time;

d. Notwithstanding said recorded message to the contrary, Defendants

proceeded with the Sheriffs Sale at 2:00 PM denying Plaintiff and

her investor the opportunity to be present and take part in the

Sheriffs Sale;

e. Defendants then proceeded with Entry of Order confirming said,

knowing that Plaintiff Frederick's rights to due notice had been

circumvented;

f. Defendants then opposed Plaintiffs Motion' to Set Aside the Sheriff's

Sale and Order confirming same;

g. Defendant's provided the Pay-off Letter in the amount of $469,299.37, which letter

was far below the amount Defendants bid at the Sheriff's sale, and previously

claimed was due on said property;

h. Defendants have now reset the Sheriff's Sale to November 16, 2007.

ANSWER:    DJL lacks sufficient knowledge or information to form a belief as to the truth of
the allegations and therefore, except as otherwise set forth herein denies same.
DLJ denies it refused to provide any information or that it was in direct contact
with Plaintiff.  DLJ is informed and believes that the allegations of paragraph 9 b
are true and admits same.  DLJ is informed and believes that the allegations of
paragraph 9 c are not true and denies same.  DLJ is informed and believes that the
a sale did occur on May 10, 2007 and that the sale was confirmed and that
foreclosure counsel filed a response to Plaintiff's motion seeking to vacate sale
which speaks for itself and which sets forth specific reasons why the order
confirming or approving sale should not be vacated.  DLJ admits that the sale was
reset to November 16, 2007 but denies that sale took place.

SPS lacks sufficient knowledge or information to form a belief as to the truth of
the allegations and therefore, except as otherwise set forth herein denies same.
SPS denies it refused to provide information.  SPS is informed and believes that
the allegations of paragraph 9 b are true and admits same.  SPS is informed and
believes that the allegations of paragraph 9 c are not true and denies same.  SPS is
informed and believes that the a sale did occur on May 10, 2007 and that the sale
was confirmed and that foreclosure counsel filed a response to Plaintiff's motion
seeking to vacate sale which speaks for itself and which sets forth specific reasons
why the order confirming or approving sale should not be vacated.  SPS admits
that the sale was reset to November 16, 2007 but denies that sale took place.

94. As a proximate result of one or more of these intentional acts or omissions, Plaintiff

sustained severe and extreme emotional and physical distress.

ANSWER:    DLJ denies the allegations of this paragraph.

SPS denies the allegations of this paragraph.

WHEREFORE, DLJ and SPS pray for entry of judgment against the Plaintiff and for
such other relief as may be just and proper.

### FIRST AFFIRMATIVE DEFENSE.
### (Failure to State Claim)

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND
### (Estoppel/Issue preclusion)

Plaintiff's claims are barred based the doctrines of issue preclusion including but not limited to res judicata and collateral estoppel as any rights to "sell" the subject property were the subject of a judgment of foreclosure entered by the State Court in the foreclosure action identified in Plaintiff's complaint.

## THIRD AFFIRMATIVE DEFENSE.
### (Waiver and Estoppel)

Plaintiff has by her own actions waived and is estoped from asserting any claim based on any alleged failures as she alleges.

## FOURTH AFFIRMATIVE DEFENSE.
### (Proximate Cause)

Plaintiff's own conduct including specifically her failure to comply with her obligations under the mortgage and note at issue were the proximate cause of any damage that she may have sustained as the result of the actions taken in the foreclosure proceedings.

## FIFTH AFFIRMATIVE DEFENSE.
### (Off Set).

In the event that it were determined that Plaintiff is entitled to any relief, the amounts due from Plaintiff to Defendants should be off-set against that relief.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims are barred in whole or part for failure to take steps to mitigate.

## SEVENTH AFFIRMATIVE DEFENSE.
### (Comparative or contributory fault)

Although DLJ and SPS deny any liability or that Plaintiff has any right to relief, to the extent that any such right were found then any damage or loss sustained by Plaintiff was caused by the sole or comparative fault of persons or entities other than Defendants DLJ and SPS, including Plaintiff herself and therefore her damage or loss if any should be reduced or barred based on the fault of others including her own.

## EIGHTH AFFIRMATIVE DEFENSE.
### (Special Damage—Failure to State Claim)

Plaintiff has failed to properly plead or state a claim for any special damage as required by Rule 9(g) or otherwise and therefore any claim should be stricken or denied.

## NINTH AFFIRMATIVE DEFENSE.
### (Defense based on Statute)

To the extent that the rights of the parties including any right to sell are controlled by state statute governing foreclosure Defendants adopt and allege defense they may have including the defense that Plaintiff rights had no further rights as she alleges.

## TENTH AFFIRMATIVE DEFENSE
### (Plaintiffs have not been damaged)

Plaintiffs are precluded from recovery against Defendants because Plaintiffs have not been damaged by the allegations in Plaintiffs' complaint and any damages alleged are not the result of any acts or omissions of Defendants.

RESPECTFULLY SUBMITTED,
DLJ MORTGAGE CAPITAL INC.
SELECT PORTFOLIO SERVICING INC.


By: _____ s/Michael J. Weik
` One of their attorneys.


Michael J. Weik # 3125782
Craig C. Smith  # 6238126
Smith & Weik LLC
19 S. LaSalle, Suite 601
Chicago, Illinois 60603
312-443-9540