UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CALVITA J. FREDERICK ET AL | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 07 C 7044 |
| | ) | |
| SELECT PORTFOLIO SERVICING INC., | ) | Honorable Judge Manning |
| DLJ MORTGAGE CAPITAL, and | ) | Honorable Mag. Judge Valdez |
| PIERCE & ASSOCIATES, | ) | |
| | ) | Circuit Court of |
| Defendants. | ) | Cook County, Illinois |
| | | Case No. 07 L 12507 |

## RULE 12 (f) MOTION TO STRIKE CERTAIN EXHIBITS ATTACHED OR REFERRED TO BY PLAINTIFFS)

Defendants DLJ Mortgage Capital Inc. ("DLJ") and Select Portfolio Servicing Inc., through their attorneys, ask this court to strike certain exhibits attached to Plaintiffs' Complaint and, in support thereof, state as follows:

1. Plaintiff has brought a multi-count complaint seeking relief for violations of the Fair Housing Act, Civil Rights Act of 1866 and various state common law claims.[1]

2. Plaintiffs' Complaint is rather prolix, consisting of twenty-six (26) pages with more than ninety (90) separate paragraphs many of which contain multiple "allegations".

3. Rather than engage in extensive motion practice, Defendants DLJ and SPS have made an attempt to respond to the various allegations of the complaint

---

[1] A copy of Plaintiffs' Complaint is attached to the Notice of Removal and identified as Docket entry #1 in these proceedings.

and are prepared and contemporaneously with this motion will file their responses.

4. However, even more problematic than the nature and scope of the allegations is the fact that Plaintiffs have attached various exhibits to the complaint that contain redundant, immaterial and otherwise improper information.[2]

5. Rule 12 (f) of the Federal Rules of Civil Procedure provides in pertinent part that a party may move to strike from any pleading any redundant, immaterial, impertinent or scandalous matter. Fed. R. Civ. Proc. 12 (f).

6. Although, Rule 12 (f) indicates that a motion to strike should be brought prior to answering the court may properly consider such a motion at any time. *Williams v. Jader Fuel Company Inc.,* 944 F.2d 1388 1988, 1399 (7th Cir. 1991).[3]

7. As set forth hereinafter, many of the exhibits attached should be stricken pursuant to Rule 12 (f)[4].

### A. AFFIDAVITS OF SCOTT DANTUMA AND CALVITA FREDERICK-SOWELL.

Plaintiffs attach as Exhibits C and D what purport to be affidavits signed by a non-party, Scott R. Dantuma, and Plaintiff Calvita Frederick-Sowell. According to Plaintiffs' allegations, these affidavits were prepared for and filed in separate state court proceedings. Exhibits C and D are immaterial to these proceedings and contain

---

[2] A copy of those exhibits will be provided separately with this motion if some or all cannot be filed electronically because of their size.

[3] Rule 12 (f) motions are often viewed as being brought to delay having to respond to a pleading. DLJ and SPS have prepared their answers wherein they have objected to Plaintiffs' use of exhibits to avoid any question regarding their motive.

[4] Defendants do not concede that any of the exhibits are properly attached or contain relevant and admissible information. To the extent that Defendants may not have asked that a particular exhibit be stricken, Defendants reserve all objections, including evidentiary objections.

immaterial and irrelevant information as well as hearsay statements attributed to Mr. Dantuma and Plaintiff Calvita Frederick-Sowell.

For example, Exhibit C purports to offer irrelevant and immaterial information regarding the nature of the relationship between Mr. Dantuma and Ms. Frederick-Sowell as well as hearsay statements regarding what they may have said to each other concerning issues in the state court proceedings. Similarly, Exhibit D purports to include testimony regarding what Ms. Frederick-Sowell and Mr. Dantuma said to each other as well as what she describes as telephone calls with other individuals, including at least one that she only identifies as a "person". Moreover, Exhibit D appears include its own exhibit that appears to be a transcription of a tape recording. All of the foregoing, indeed the Exhibits themselves should be stricken as containing immaterial, irrelevant, impertinent and improper information or allegations.

To the extent that the affidavits are intended to bolster or support Plaintiffs' allegations in the separate paragraphs of their complaint, the exhibits would otherwise be redundant and should be stricken pursuant to Rule 12 (f). For example, at ¶36 Plaintiffs allege Ms. Frederick-Sowell had a conversation with Mr. Datuma [sic]. To the extent that Mr. Dantuma affidavit, Exhibit C, is offered to establish such a conversation, the affidavit and information set forth therein would be redundant and improper. Similarly at ¶ 37 of the complaint, Plaintiffs alleges what Ms. Frederick-Sowell was told by "the office of Defendant Pierce and Associates" regarding the scheduled foreclosure sale and refers to Exhibit D, her state court affidavit. Clearly, Exhibit D is redundant and improper and should be stricken as such.

B.   **PLEADINGS/MOTIONS FILED IN STATE COURT.**

Plaintiffs purport to attach pleadings/motions/orders from separate state court proceedings to their complaint. Specifically, at ¶40, Plaintiffs refer to "Plaintiff's Motion, Response, Reply and Order of Court" as being attached as "Plaintiff's group Exhibit G". Plaintiffs' use of these exhibits is improper and the exhibits should be stricken for several reasons.

First, although exhibit G presumably begins with the page bearing the designation "Plaintiff's Group Exhibit G", it is impossible to determine exactly what is included in the exhibit; what the various subparts to the group exhibit consist of; or, where the group exhibit ends. For example, the documents attached after the page designated as "Plaintiff's Group Exhibit G" include various documents identified as exhibits "A", "B" and "C" without any reference to what these documents are exhibits to. Further, although Plaintiffs describe "Plaintiff's Group Exhibit G" as including and ending with a single "Order of Court" there are at least two "orders" attached as well as additional documents following the last attached order. Group Exhibit G should be stricken.

In addition, it is quite clear that group exhibit G should be stricken for being redundant, immaterial and improper. Plaintiffs' refer to this group exhibit at ¶40 wherein they allege the Sheriff's Sale and order approving sale were the subject of a motion to vacate and order in the state court proceeding. The group exhibit in its entirety is simply not material to the instant proceedings. Moreover, to the extent that exhibit includes documents that have not been identified or authenticated as well as the same affidavits that are attached to Plaintiffs' complaint as Exhibits C and D, the group exhibit includes hearsay and other improper information. Finally, to the extent the documents are attached to allege that the sheriff's sale and order approving were subject to a motion and

order in the state court proceeding, the exhibit is redundant as Plaintiffs have already made that allegation.

### C.     OTHER DOCUMENTS.

As mentioned above, there are also a number of documents attached which follow "Group Exhibit G" and which cannot be identified as belonging to any particular exhibit. At least one of those documents includes a "Plaintiff's Exhibit" stamp without any further identifying letter or number. These documents should be stricken.

### CONCLUSION

For the reasons set forth above, Exhibits C, D and G as well as those documents identified only by a "Plaintiff's Exhibit" stamp should be stricken.

                RESPECTFULLY SUBMITTED,

                DLJ MORTGAGE CAPITAL INC.
                SELECT PORTFOLIO SERVICING INC.

                S/Michael J. Weik
                One of their Attorneys

Michael J. Weik #3125782
Craig C. Smith #6238126
Smith & Weik LLC
19 S. LaSalle Suite 601
Chicago, Illinois, 60603
312-443-9540