# EXHIBIT 2

# DEFENDANTS DLJ MORTGAGE CAPITAL AND SELECT PORTFOLIO SERVICING INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION

WASHINGTON MUTUAL, F.A. SUCCESSOR IN INTEREST TO HOME SAVINGS OF AMERICA,
Plaintiff
v
CALVITA J. FREDERICK, et. al
Defendants.

03 CH 13634
Cal 2

# EMERGENCY MOTION TO STAY NOVEMBER 15 , 2004 JUDICIAL SALE

NOW COMES Defendant, CALVITA J. FREDERICK, personally and as owner of the beneficial interest in American National Bank and Trust of Chicago, as Trustee under Trust No. 119056-01, by and through her attorney, CALVITA J. FREDERICK and moves this Honorable Court to stay the judicial sale scheduled for November 15, 2004, and in support thereof, states as follows:

1. That a Judgment of Foreclosure was entered by this Court on or about August 13, 2004.

2. That upon information and belief, a Judicial Sale and Public Auction is scheduled for November 15, 2004 at 10:30 AM. (A copy of said Notice of Sale is attached hereto as Exhibit "A").

3. That Defendant has secured an Offer to Purchase said property for a reasonable amount, but for a sum less that the amount of the Judgement.. (See Offer to Purchase Real Estate attached hereto as Exhibit "B")..

4. That Defendant has been informed and believes that the above said offer is reasonable in view of the fact that two other neighboring properties are on the market and have not sold for the past six months.

5. That Defendant's buyer has been pre-approved and believes she can secure financing within the next thirty (30) days.. (See Letter of Pre-Approval attached hereto as Exhibit "C").

Defendant believes she cannot accept said offer unless the mortgage company herein will accept same as a full and final payoff.

WHEREFORE, DEFENDANTS, respectfully pray that this Honorable Court::

1. Stay the sale scheduled for November 15, 2004:
2. Grant Defendant 45 days in which to complete this sale;
3. Direct Plaintiff to accept said sum as full and final payment of the outstanding mortgage;
4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

CALVITA J. FREDERICK

BY: ______________________
CALVITA J. FREDERICK
ATTORNEY FOR DEFENDANT

**Verification by Certification**

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (Ill. Rev. Stat., Ch. 110 1-109), the undersigned certifies that the statement set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true

CALVITA J. FREDERICK
329 W. 18TH ST. STE 400 BOX 22
CHICAGO, IL. 60616
312 421-5215
ATTY ID # : 52290

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

FAIRBANKS CAPITAL CORP., AS SERVICING AGENT FOR DLJ MORTGAGE CAPITAL, INC.

Plaintiff,

-v.-

03 CH 13634

CALVITA J. FREDERICK, AMERICAN NATIONAL BANK AND TRUST CO. OF CHICAGO, AS TRUSTEE UNDER TRUST AGREEMENT DATED 11-29-94 AND KNOWN AS TRUST NO. 119056-01, KENWOOD GATEWAY ASSOCIATION,-C/O MARCY PURMAL, UNKNOWN OWNERS AND NON-RECORD CLAIMANTS

Defendant

NOTICE OF SALE

PUBLIC NOTICE IS HEREBY GIVEN that pursuant to a Judgment of Foreclosure and Sale entered in the above cause on August 13, 2004, an agent of The Judicial Sales Corporation will at 10:30 AM on November 15, 2004, in its office located at 33 N. Dearborn Street, 10th Floor, CHICAGO, IL, 60602, sell at public auction to the highest bidder for cash, as set forth below, the following described real estate:

THE SOUTH 1/2 OF LOT 6 AND ALL OF LOT 7, IN KENWOOD GATEWAY, BEING A RESUBDIVISION IN THE EAST 1/2 OF THE NORTHEAST 1/4 OF SECTION 11, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as 4753 SOUTH DORCHESTER AVENUE, CHICAGO, IL 60615

Property Index No. 20-11-206-078

The real estate is improved with a single family residence.

The judgment amount was $483,530.26.

Sale terms: **25% down of the highest bid by certified funds at the close of the auction**; the balance, in certified funds, is due within twenty-four (24) hours. The subject property is subject to general real estate taxes, special assessments, or special taxes levied against said real estate and is offered for sale without any representation as to quality or quantity of title and without recourse to Plaintiff and in "AS IS" condition. The sale is further subject to confirmation by the court.

Upon payment in full of the amount bid, the purchaser will receive a Certificate of Sale that will entitle the purchaser to a deed to the real estate after confirmation of the sale

Notice of Sale

The property will **NOT** be open for inspection and plaintiff makes no representation as to the condition of the property. Prospective bidders are admonished to check the court file to verify all information.

For information, contact Plaintiff's attorney: The sales clerk, SHAPIRO & KREISMAN, LLC , 4201 Lake Cook Road, NORTHBROOK, IL 60062, (847) 498-9990 between the hours of 1:00 p.m. and 3:00 p.m. only. Please refer to file number 03-0062D.

THE JUDICIAL SALES CORPORATION 33 North Dearborn Street - Suite 1015 Chicago, Illinois 60602-3100 (312) 236-SALE

SHAPIRO & KREISMAN, LLC
4201 Lake Cook Road
NORTHBROOK, IL 60062
(847) 498-9990
Attorney File No.: 03-0062D

Case # 03 CH 13634

Attorney Code. 91140

NOTE: Pursuant to the Fair Debt Collection Practices Act, you are advised that Plaintiff's attorney is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Nov-19-04 02:28P P.07

Aug 06 04 04:01p Kimbrough Realty 773 375 3176 p.2

# REAL ESTATE SALES CONTRACT (PAGE 1 OF 4)

**1. THE PARTIES:** Buyer and Seller are hereinafter referred to as the "Parties."

Buyer(s) Thomsina Dixon (Please Print) Seller(s) Calvita Frederick (Please Print)

**2. THE REAL ESTATE:** Real Estate shall be defined to include the real property and all improvements thereon. Seller agrees to convey to Buyer or to Buyer's designated grantee, the Real Estate with the approximate lot size or acreage of ________ commonly known as 4753 South Dorchester Ave, Chgo IL 60615

Address / City / State / Zip

County / Unit # (if applicable) / Permanent Index Number(s) of Property

**3. FIXTURES AND PERSONAL PROPERTY:** All of the fixtures and personal property stated herein are owned by Seller and to Seller's knowledge are in operating condition on the Date of Acceptance, unless otherwise stated herein. Seller agrees to transfer to Buyer all heating, electrical and plumbing systems together with the following items of personal property by Bill of Sale: [Check or enumerate applicable items]

| | | | |
|---|---|---|---|
| ✓ Refrigerator | ✓ All Tacked Down Carpeting | ✓ Fireplace Screen(s)/Door(s)/Grate(s) | ✓ Central Air Conditioning |
| ✓ Oven/Range/Stove | ✓ All Window Treatments & Hardware | _ Fireplace Gas Logs | _ Electronic or Media Air Filter |
| ✓ Microwave | _ Built-in or Attached Shelving | _ Existing Storms & Screens | ✓ Central Humidifier |
| ✓ Dishwasher | ✓ Smoke Detector(s) | ✓ Security System(s) | ✓ Sump Pump(s) |
| ✓ Garbage Disposal | _ Ceiling Fan(s) | ✓ Intercom System | _ Water Softener (owned) |
| _ Trash Compactor | _ TV Antenna | _ Central Vac & Equipment | _ Outdoor Shed |
| ✓ Washer | _ Window Air Conditioner(s) | ✓ Electronic Garage Door Opener(s) | _ Attached Gas Grill |
| ✓ Dryer | _ Home Warranty $____ | with ____ Transmitter(s) | ✓ All Planted Vegetation |

Other items included: ________

Items NOT included: ________

Seller warrants to Buyer that all fixtures, systems and personal property included in this Contract shall be in operating condition at possession, except: ________ A system or item shall be deemed to be in operating condition if it performs the function for which it is intended, regardless of age, and does not constitute a threat to health or safety.

**4. PURCHASE PRICE:** Purchase price of $ 440,000.00 shall be paid as follows: Initial earnest money of $ 1,000 by (check), (cash), or (note due on N/A, 19 —) to be increased to a total of $ —— by ——, 19 ____. The earnest money and the original of this Contract shall be held by the Listing Company (herein referred to as "Escrowee"), in trust for the mutual benefit of the Parties in a manner consistent with Illinois State Law. The purchase price, as adjusted by prorations and earnest money, shall be paid at the closing by certified, cashier's, title company's or mortgage lender's check.

**5. ACCEPTANCE:** Earnest money shall be returned and this offer shall be void if not accepted on or before 10 Business Days (Time/Date).

**6. MORTGAGE CONTINGENCY:** This Contract is contingent upon Buyer obtaining an unconditional written mortgage commitment (except for matters of title and survey or matters totally within Buyer's control) on or before December 15, 2004 for a FIXED (type) loan of $ 396,000.00 or such lesser amount as Buyer elects to take, plus private mortgage insurance (PMI), if required. The interest rate (initial rate, if applicable) shall not exceed 6.50 % per annum, amortized over not less than 30 years. Buyer shall pay loan origination fee and/or discount points not to exceed 1.0 % of the loan amount. Seller shall pay loan origination fee and/or discount points not to exceed 1.0 % of the loan amount. Those fees/points committed to by Buyer shall be applied first. Buyer shall pay the cost of application, usual and customary processing fees and closing costs charged by lender. *(If FHA/VA, refer to Paragraph #38 for additional provisions.)* Buyer **[check one]** ☐ will ☐ will not lock in the interest rate at the time of loan application. Buyer shall make written loan application within seven (7) calendar days after the Date of Acceptance. **FAILURE TO DO SO SHALL CONSTITUTE AN ACT OF DEFAULT UNDER THIS CONTRACT.** If Buyer, having applied for the loan specified above, is unable to obtain a loan commitment and serves written notice to Seller within the time specified, this Contract shall be null and void and earnest money refunded to Buyer upon written direction of the Parties to Escrowee. **IF WRITTEN NOTICE IS NOT SERVED WITHIN THE TIME SPECIFIED, BUYER SHALL FOR ALL PURPOSES BE DEEMED TO HAVE WAIVED THIS CONTINGENCY AND THIS CONTRACT SHALL REMAIN IN FULL FORCE AND EFFECT. SHOULD BUYER RECEIVE A MORTGAGE COMMITMENT CONDITIONED UPON SALE AND/OR CLOSING OF EXISTING PROPERTY, SAID COMMITMENT SHALL SATISFY THE TERMS OF THIS MORTGAGE CONTINGENCY.**

**7. CLOSING:** Closing or escrow payout shall be on December 28 2004 or sooner by agreement, or at such time as mutually agreed upon by the Parties in writing. This sale shall be closed at the office of Buyer's mortgagee, at the title company escrow office situated geographically nearest the property, or as shall be agreed mutually by the Parties.

**8. POSSESSION:** Seller shall deliver possession to Buyer **[check one]:** ☒ (a) at the time of closing; ☐ (b) by 11:59 P.M. on ——, 19 —, provided sale has been closed. Possession shall be deemed to have been delivered when Seller has vacated premises and delivered keys to premises to Buyer or to Listing Office. In the event possession is not to be delivered at closing, Seller agrees to pay at closing the sum of $ 300.00 per day to Buyer for use and occupancy from and including the day after closing to and including the possession date specified above, regardless of when possession is actually delivered. (See Paragraph #19)

**9. RESIDENTIAL REAL PROPERTY AND LEAD-BASED PAINT DISCLOSURES:** If applicable, prior to signing this Contract, Buyer **[check one]** ☒ has ☐ has not received a completed Illinois Residential Real Property Disclosure Report; **[check one]** ☐ has ☒ has not received the EPA Pamphlet, *"Protect Your Family From Lead in Your Home;"* **[check one]** ☒ has ☐ has not received a Lead-Based Paint Disclosure.

**10. PRORATIONS:** Proratable items shall include, without limitation, rents and deposits (if any) for tenants, utilities, homeowner's or condominium association fees, premiums for insurance policies or accrued interest on any mortgage assumed. Seller represents that as of the Date of Acceptance Homeowner Association/Condominium fees are $ 150 per year. The general real estate taxes shall be prorated as of the date of closing based on 110 % of the most recent ascertainable full year tax bill. All prorations shall be prorated as of the date of closing and shall be final.

**11. OTHER PROVISIONS:** This Contract is subject to the GENERAL CONDITIONS and those OPTIONAL PROVISIONS selected for use by the Parties which are contained on the succeeding pages and the following attachments, if any: ________

**THIS DOCUMENT WILL BECOME A LEGALLY BINDING CONTRACT WHEN SIGNED BY ALL PARTIES AND DELIVERED**

| | |
|---|---|
| 11-8-04<br>Date of Offer | 11-11-04<br>DATE OF ACCEPTANCE |
| Thomasina S. Dixon<br>Buyer (signature) | C. Frederick<br>Seller (signature) |
| 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<br>Buyer (signature) Social Security No. | 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<br>Seller (signature) Social Security No. |
| Thomasina Dixon<br>Print Buyer(s) Name(s) | Calvita J Frederick<br>Print Seller(s) Name(s) |
| 535 Maple 60430<br>Address Zip | 4753 S Dorchester<br>Address |
| Homewood IL<br>City State | Chgo IL 60615<br>City State Zip |
| Phone Number(s) | Phone Number(s) |

FOR INFORMATION ONLY

| | |
|---|---|
| N/A<br>Selling Office MLS # | Richard Fryam (escrowee)<br>State Wood Realty<br>Listing Office MLS # |
| Selling Agent MLS # | 6521 S Woodlawn Ave<br>Listing Agent MLS # |
| Address, City, ST, Zip | Chgo IL 60637<br>Address, City, ST, Zip |
| Phone No. FAX No. | Phone No. FAX No. |
| Buyer's Attorney | Seller's Attorney |
| Address | Address |
| Phone No. FAX No. | Phone No. FAX No. |
| Mortgage Company | Loan Officer Phone No. |

## GENERAL CONDITIONS (PAGE 2 OF 4)

12. PROFESSIONAL INSPECTIONS: Buyer may secure at Buyer's expense (unless otherwise provided by governmental regulations) a home, radon, lead-based paint and/or lead-based paint hazards (unless separately waived), and/or wood insect infestation inspection(s) of said Real Estate by one or more professional inspection service(s). Buyer shall serve written notice upon Seller or Seller's attorney of any defects disclosed by the inspection(s) which are unacceptable to Buyer, together with a copy of the report(s) within five (5) business days (ten (10) calendar days for a lead-based paint and/or lead-based paint hazard inspection) after the Date of Acceptance. IF WRITTEN NOTICE IS NOT SERVED WITHIN THE TIME SPECIFIED, THIS PROVISION SHALL BE DEEMED WAIVED BY PARTIES AND THIS CONTRACT SHALL REMAIN IN FULL FORCE AND EFFECT. If within five (5) business days after receipt of such notice and report(s), agreement cannot be reached by the Parties as to how the cost of correction shall be apportioned between the Parties, then either Party may terminate this Contract by written notice to the other Party and THIS CONTRACT SHALL BE NULL AND VOID AND EARNEST MONEY REFUNDED TO BUYER UPON WRITTEN DIRECTION OF THE PARTIES TO ESCROWEE. The home inspection shall cover ONLY the major components of the Real Estate, including but not limited to: central heating system(s), central cooling system(s), interior plumbing system, electrical system, roof, walls, ceilings, floors and foundation. A major component shall be deemed to be in operating condition if it performs the function for which it is intended, regardless of age, and does not constitute a threat to health or safety. Buyer shall indemnify Seller and hold Seller harmless from and against any loss or damage caused by the acts or negligence of Buyer or any person performing such inspection(s). BUYER AGREES MINOR REPAIRS AND ROUTINE MAINTENANCE ITEMS ARE NOT A PART OF THIS CONTINGENCY.

13. ATTORNEY REVIEW: The Parties agree that their respective attorneys may approve or make modifications to this Contract, other than stated purchase price, within five (5) business days after the Date of Acceptance. If the Parties do not reach agreement on any proposed modification and written notice is given to the other Party within the time specified, this Contract shall be null and void and earnest money refunded to Buyer upon written direction of the Parties to Escrowee. IF WRITTEN NOTICE IS NOT SERVED WITHIN THE TIME SPECIFIED, THIS PROVISION SHALL BE DEEMED WAIVED BY THE PARTIES AND THIS CONTRACT SHALL REMAIN IN FULL FORCE AND EFFECT.

14. PLAT OF SURVEY: Not less than seven (7) calendar days prior to closing, Seller shall, at Seller's expense, furnish a Plat of Survey to Buyer, which is dated not more than ninety (90) calendar days prior to the date of closing, by an Illinois registered land surveyor showing any encroachments, measurements of all lot lines, all easements, building and set backs, fences, all building and other improvements on the Real Estate and distances thereof to all lot lines. If requested, Seller shall provide an affidavit verifying that no changes in improvements have been made since the date of said survey. (See Optional Provision #34).

15. NOTICE: All notices required shall be in writing and shall be served by one Party or his attorney to the other Party or his attorney. Notice to any one of a multiple person Party shall be sufficient notice to all. Notice shall be given in the following manner:

a. By personal delivery of such notice; or

b. By mailing of such notice to the addresses recited herein by regular mail and by certified mail, return receipt requested. Except as otherwise provided herein, notice served by certified mail, shall be effective on the date of mailing; or

c. By sending facsimile transmission. Notice shall be effective as of date and time of facsimile transmission, provided that the notice transmitted shall be sent on business days during business hours (9:00 A.M. to 5:00 P.M. Chicago time). In the event fax notice is transmitted during non-business hours, the effective date and time of notice is the first hour of the first business day after transmission.

16. THE DEED: Seller shall convey or cause to be conveyed to Buyer or Buyer's designee, good and merchantable title to the real estate by recordable general Warranty Deed, with release of homestead rights, (or the appropriate deed if title is in trust or in an estate), and with real estate transfer stamps to be paid by Seller (unless otherwise designated by local ordinance). Title when conveyed will be good and merchantable, subject only to: general real estate taxes not due and payable at the time of closing, covenants, conditions, and restrictions of record, building lines and easements, if any, so long as they do not interfere with the current use and enjoyment of the property. Seller's obligation will be to furnish the documents set forth in Paragraph #17.

17. TITLE: At Seller's expense, Seller will deliver or cause to be delivered to Buyer or Buyer's attorney within customary time limitations and sufficiently in advance of closing, as evidence of title in Seller or Grantor, a title commitment for an ALTA title insurance policy with extended coverage by a title company licensed to operate in the State of Illinois, bearing a date on or subsequent to the Date of Acceptance of this Contract, but issued not more than forty-five (45) calendar days prior to closing, in the amount of the purchase price, subject only to items listed in Paragraph #16. The commitment for title insurance furnished by Seller will be conclusive evidence of good and merchantable title as therein shown, subject only to the exceptions therein stated. If the title commitment discloses unpermitted exceptions, or if the Plat of Survey shows any encroachments which are not acceptable to Buyer, then Seller shall have said exceptions or encroachments removed, or have the title insurer commit to insure against loss or damage that may be caused by such exceptions or encroachments. If Seller fails to have unpermitted exceptions waived or title insured over prior to closing, Buyer may elect to take the title as it then is, with the right to deduct from the purchase price prior encumbrances of a definite or ascertainable amount.

18. AFFIDAVIT OF TITLE: Seller shall furnish Buyer at closing an Affidavit of Title covering the date of closing, and shall sign any other customary forms required for issuance of an ALTA Insurance Policy.

19. POSSESSION ESCROW: In the event possession is not delivered at closing, Seller shall deposit in escrow with Listing Company as Escrowee (or other designated escrowee as agreed to by the Parties), at closing and by separate check, the sum of two percent (2%) of the purchase price to guarantee that possession of the property shall be delivered to Buyer on or before the date and time specified in this Contract. If possession is so delivered, the escrow fund shall be paid to Seller. If possession is not so delivered, the designated escrowee shall pay to Buyer from the escrow funds the sum of 1/15th of the deposit for each day possession is withheld from Buyer after such specified date and time, and shall pay the balance of the escrow fund, if any, to Seller. In the event that possession is not delivered to Buyer within fifteen (15) calendar days of the date specified herein, Seller shall continue to be liable to Buyer for a sum of money equal to 1/15th of the possession escrow sum specified herein for each day possession is so withheld from Buyer, without prejudice to any other rights or remedies available to Buyer. Unless otherwise agreed, said escrow shall be held solely for the purpose of payment of any sums due for delayed possession.

20. REAL ESTATE PROPERTY TAX ESCROW: In the event the property is improved, but has not been previously taxed as improved, the sum of three (3) percent of the purchase price shall be deposited in escrow with the title company with the cost of the escrow to be divided equally by Buyer and Seller and paid at closing. When the exact amount of the taxes prorated under this Contract can be ascertained, the taxes shall be prorated by the Seller's attorney at the request of either Party, and the Seller's share of such tax liability after reproration shall be paid to the Buyer from the escrow funds and the balance, if any, shall be paid to the Seller. If the Seller's obligation after such reproration exceeds the amount of the escrow funds, Seller agrees to pay such excess promptly upon demand.

21. PERFORMANCE: Time is of the essence of this Contract. In the event of default by Seller or Buyer, the Parties are free to pursue any legal remedies at law or in equity. The prevailing Party shall be entitled to collect reasonable attorney's fees and costs from the losing Party. There shall be no disbursement of earnest money unless Escrowee has been provided written agreement from Seller and Buyer. Absent an agreement relative to the disbursement of earnest money within a reasonable period of time, Escrowee may deposit funds with the Clerk of the Circuit Court by the filing of an action in the nature of interpleader. Escrowee shall be reimbursed from the earnest money for all costs, including reasonable attorney's fees, related to the filing of the interpleader action. Seller and Buyer will indemnify and hold Escrowee harmless from any and all claims and demands.

22. DAMAGE TO REAL ESTATE PRIOR TO CLOSING: If prior to delivery of the deed, the Real Estate shall be destroyed or materially damaged by fire or other casualty, or the Real Estate is taken by condemnation, then Buyer shall have the option of terminating this Contract and receiving a refund of earnest money or of accepting the Real Estate as damaged or destroyed, together with the proceeds of any insurance payable as a result of the destruction or damage, which proceeds Seller agrees to assign to Buyer. Seller shall not be obligated to repair or replace damaged improvements. The provisions of the Uniform Vendor and Purchaser Risk Act of the State of Illinois shall be applicable to this Contract, except as modified in this paragraph.

23. SELLER REPRESENTATIONS: Seller warrants and represents that he has not received written notice from any Governmental body or Homeowner's Association of any (a) zoning, building, fire or health code violations that have not been corrected; (b) any pending rezoning, or (c) any special assessment proceedings affecting the Real Estate and that Seller has no knowledge of boundary line disputes or easements or claims of easement not shown by the public records or of any hazardous waste on the Real Estate.

24. CONDITION OF REAL ESTATE AND INSPECTION: Seller agrees to leave the Real Estate in broom clean condition. All refuse and personal property that is not to be conveyed to Buyer shall be removed from the Real Estate at Seller's expense before possession. Buyer shall have the right to inspect the Real Estate, fixtures and personal property within 72 hours prior to closing to verify that the Real Estate, improvements and included personal property are in substantially the same condition as of the Date of Offer of this Contract, normal wear and tear excepted.

25. GOVERNMENTAL COMPLIANCE: Parties agree to comply with the reporting requirements of Section 6045(e) and Section 1445 of the Internal Revenue Code and the Real Estate Settlement Procedures Act of 1974, as amended.

26. ESCROW CLOSING: At the election of either Party, not less than five (5) business days prior to the closing, this sale shall be closed through an escrow with the lending institution or the title company in accordance with the provisions of the usual form of Deed and Money Escrow Agreement as agreed upon between the Parties, with provisions inserted in the Escrow Agreement as may be required to conform with this Contract. The cost of the escrow shall be paid by the Party requesting the escrow.

27. FLOOD INSURANCE: Buyer shall obtain flood insurance if required by Buyer's lender.

28. FACSIMILE: Facsimile signatures shall be sufficient for purposes of executing, negotiating, and finalizing this Contract.

29. BUSINESS DAYS: Business days are defined as Monday through Friday, excluding Federal holidays.

30. CONDOMINIUMS: (If applicable) The Parties agree that the terms contained in this paragraph, which may be contrary to other terms of this Contract, shall supersede any conflicting terms.

1. TITLE: Title when conveyed shall be good and merchantable, subject to terms, provisions, covenants and conditions of the Declaration of Condominium and all amendments; public and utility easements including any easements established by or implied from the Declaration of Condominium or amendments thereto; party wall rights and agreements; limitations and conditions imposed by the Condominium Property Act; installments due after the date of closing of general assessments established pursuant to the Declaration of Condominium.

2. Seller is responsible for all assessments, regular or special, due or levied prior to closing. Accumulated reserves of the Association are not a proratable item.

3. EVIDENCE OF COMPLIANCE WITH DECLARATION OF CONDOMINIUM: Buyer has, within five (5) business days from the Date of Acceptance of this Contract, the right to demand from Seller items as stipulated by 765 ILCS 605/22.1 (Illinois Condominium Property Act) as shown below. The contract is subject to the condition that Seller be able to procure and provide to Buyer a release or waiver of any option of first refusal or other pre-emptive rights of purchase created by the Declaration of Condominium within the time established by the Declaration. In the event the Condominium Association requires personal appearance of Buyer and/or additional documentation, Buyer agrees to comply with same.

4. In the event the documents and information provided by the Seller disclose that the existing improvements are in violation of existing rules, regulations or other restrictions or that the terms and conditions contained within the documents would restrict Buyer's reasonable use of the premises or would increase the financial considerations which Buyer would have to extend in connection with the owning of the condominium, then Buyer may declare the Contract null and void by giving Seller written notice within seven (7) calendar days of the receipt of the documents and information required by Paragraph #30-3, listing those deficiencies which are unacceptable to Buyer, and thereupon all earnest money deposited by Buyer shall be returned to Buyer upon written direction of all Parties to escrowee. IF WRITTEN NOTICE IS NOT SERVED WITHIN THE TIME SPECIFIED, BUYER SHALL FOR ALL PURPOSES BE DEEMED TO HAVE WAIVED THIS CONTINGENCY, AND THIS CONTRACT SHALL REMAIN IN FULL FORCE AND EFFECT.

5. Seller shall not be obligated to provide a condominium survey.

6. Seller shall provide a certificate of insurance showing Buyer (and Buyer's mortgagee) as insured.

For informational purposes, 765 ILCS 605/22.1 Illinois Condominium Property Act (a) and (b), provides, in pertinent part:

"(a) In the event of any resale of a condominium unit by a unit owner other than the developer such owner shall obtain from the Board of Managers and shall make available for inspection to the prospective purchaser, upon demand, the following: (1) A copy of the Declaration, by-laws, other condominium instruments and any rules and regulations. (2) A statement of any liens, including a statement of the account of the unit setting forth the amounts of unpaid assessments and other charges due and owing as authorized and limited by the provisions of Section 9 of this Act or the condominium instruments. (3) A statement of any capital expenditures anticipated by the unit owner's association within the current or succeeding two fiscal years. (4) A statement of the status and amount of any reserve for replacement fund and any portion of such fund earmarked for any specified project by the Board of Managers. (5) A copy of the statement of financial condition of the unit owner's association for the last fiscal year for which such statement is available. (6) A statement of the status of any pending suits or judgments in which the unit owner's association is a Party. (7) A statement setting forth what insurance coverage is provided for all unit owners by the unit owner's association. (8) A statement that any improvements or alterations made to the unit, or the limited common elements assigned thereto, by the prior unit owner are in good faith believed to be in compliance with the condominium instruments. (9) The identity and mailing address of the principal officer of the unit owner's association or of the other officer or agent as is specifically designated to receive notices.

(b) The principal officer of the unit owner's association or such other officer as is specifically designated shall furnish the above information when requested to do so in writing and within thirty (30) calendar days of the request.

....

A reasonable fee covering the direct out-of-pocket cost of providing such information and copying may be charged by the association or its Board of Managers to the unit seller for providing such information."

THE FOLLOWING OPTIONAL PROVISIONS APPLY ONLY IF INITIALED BY ALL PARTIES

OPTIONAL PROVISIONS (PAGE 3 OF 4)

n/A 31. SALE OF BUYER'S REAL ESTATE:

(A) INFORMATION ABOUT BUYER'S REAL ESTATE: Buyer represents to Seller as follows:

(1) Buyer owns real estate commonly known as (address): ______

(2) Buyer [check one] ☐ has ☐ has not entered into a contract to sell his real estate.

If Buyer has entered into a contract to sell his real estate:
(a) Buyer's sale contract [check one]: ☐ is ☐ is not subject to a mortgage contingency.
(b) Buyer's sale contract [check one]: ☐ is ☐ is not subject to a real estate sale contingency.
(c) Buyer's sale contract [check one]: ☐ is ☐ is not subject to a real estate closing contingency.

(3) Buyer has listed his real estate with (name of broker) ______
Address: ______ Phone: ______

If Buyer's real estate is not listed with a licensed real estate broker and in a local multiple listing service, Buyer shall list his home with a licensed real estate broker who will place it in a local multiple listing service within seven (7) calendar days of the Date of Acceptance of this Contract. Buyer authorizes Seller or his agent to verify this information.

(B) SALE AND/OR CLOSE OF BUYER'S REAL ESTATE: (strike inapplicable)

(1) This Contract is contingent upon the occurrence of the following and written notice to Seller of same, within the time specified: Buyer is able to procure a contract for the sale of Buyer's real estate on or before ______, 19____, and such contract provides for a closing not later than the closing date set forth in this Contract. If this contingency has not been met or waived by Buyer on or before the specified date, THIS CONTRACT SHALL BE NULL AND VOID AND EARNEST MONEY REFUNDED TO BUYER UPON WRITTEN DIRECTION OF THE PARTIES TO ESCROWEE.

(2) This Contract is contingent upon the occurrence of the following and written notice to Seller of same, within the time specified: Buyer closes the sale of his real estate on or before ______, 19____. If this contingency has not been met or waived by Buyer on or before the specified date, THIS CONTRACT SHALL BE NULL AND VOID AND EARNEST MONEY REFUNDED TO BUYER UPON WRITTEN DIRECTION OF THE PARTIES TO ESCROWEE.

(C) SELLER'S RIGHT TO CONTINUE TO OFFER REAL ESTATE FOR SALE: During the time of this contingency Seller has the right to continue to show the property and offer it for sale subject to the following:

(1) If Seller accepts another bona fide offer to purchase the subject property during such period, Seller shall notify Buyer in writing of same. Buyer shall then have ______ hours after Seller gives such notice to waive the above contingencies subject to (D) WAIVER OF CONTINGENCIES Paragraph.

(2) If Buyer waives the above contingencies in writing within said time period, this Contract will remain in full force and effect.

(3) If the above contingencies are NOT waived in writing within said time period by Buyer, THIS CONTRACT SHALL BE NULL AND VOID AND EARNEST MONEY REFUNDED TO BUYER UPON WRITTEN DIRECTION OF THE PARTIES TO ESCROWEE.

(D) WAIVER OF CONTINGENCIES: IF BUYER CHOOSES TO WAIVE, FOR ANY REASON, EITHER OF THE ABOVE CONTINGENCIES IN PARAGRAPH #31-B PRIOR TO THEIR TERMS BEING MET, BUYER WILL INCREASE EARNEST MONEY TO A TOTAL OF $______ AND WAIVE ALL CONTINGENCIES EXCEPT MORTGAGE CONTINGENCY (As set forth in Paragraph #5) CONTAINED IN THIS CONTRACT.

(E) NOTICE (FOR THIS CONTINGENCY ONLY): All notices required under Paragraph #31 shall be in writing and shall be served on the Party, with copies to their respective attorneys and real estate brokers. Notice to any one of a multiple person Party shall be sufficient notice to all. Notice shall be given in the following manner:
(1) By personal delivery of such notice effective at the time and date of personal delivery; or
(2) By mailing of such notice to the addresses recited herein by regular mail and by certified mail, return receipt requested. Notice served by certified mail shall be effective as of 10:00 A.M. on the morning of the second day following deposit of notice in the U.S. Mail; or
(3) By facsimile to a Party (service shall be effective at the time and date the sending Party receives a receipted copy of the notice from the receiving Party); or
(4) By personal delivery to Buyer's designee (*other than Buyer's agent*) listed below. Notice to Buyer's designee shall be deemed notice to Buyer effective at the time and date of personal delivery. Buyer's designee shall reside within 35 miles of subject property.
BUYER'S DESIGNEE: Name ______
Address ______ City,ST,Zip ______
Home Phone ______ Office Phone ______

32. CANCELLATION OF PRIOR CONTRACT: Seller has entered into another contract prior to this Contract ("prior contract"). Seller's obligations hereunder shall be subject to Seller obtaining written termination and cancellation of the prior contract on or before ______, 19____. In the event the prior contract is not terminated or cancelled within the time specified, THIS CONTRACT SHALL BE NULL AND VOID AND EARNEST MONEY REFUNDED TO BUYER UPON WRITTEN DIRECTION OF THE PARTIES TO ESCROWEE. *Notice to Buyer and/or the prior contract should not be served until after attorney's review and professional inspections provided for in this Contract have been satisfied, waived or expired.*

33. INTEREST BEARING ACCOUNT: Earnest money when received in the total amount of $5000.00 or more, (with a completed W-9 and other required forms), shall be held in a federally insured interest bearing account at a financial institution designated by Escrowee. All interest earned on the earnest money shall accrue to the benefit of and be paid to Buyer.

34. SURVEY OPTIONS: The survey provided by Seller pursuant to Paragraph #14: PLAT OF SURVEY shall show all corners staked and flagged or otherwise monumented.

n/A 35. WELL AND/OR SEPTIC/SANITARY INSPECTIONS: Seller shall obtain at Seller's expense a current well water test (including nitrates test) and a current private septic/sanitary report from the appropriate governmental authority or qualified inspection service, stating that the well and the water supplied therefrom and the private septic/sanitary system are in compliance with applicable health regulations. Seller shall notify and deliver a copy of the report to Buyer within twenty-one (21) calendar days after the Date of Acceptance. IF EITHER SYSTEM IS FOUND DEFECTIVE, SELLER SHALL HAVE AN EQUAL NUMBER OF DAYS TO REPAIR SUCH DEFECTS AT SELLER'S EXPENSE AND PROVIDE WRITTEN NOTICE OF SAME TO BUYER. IF SELLER FAILS TO REPAIR SUCH DEFECTS WITHIN THE TIME SPECIFIED, THEN AT THE OPTION OF BUYER, THIS CONTRACT SHALL BE NULL AND VOID AND EARNEST MONEY REFUNDED TO BUYER UPON WRITTEN DIRECTION OF THE PARTIES TO ESCROWEE.

n/A 36. CONFIRMATION OF DUAL AGENCY: The Parties confirm that they have previously consented to ______ (Licensee) acting as a Dual Agent in providing brokerage services on their behalf and specifically consent to Licensee acting as a Dual Agent in regard to the transaction referred to in this Contract.

Nov-19-04 02:36P P.10

Aug 06 04 04:05p Kimbrough Realty 773 375 3176 p.5

OPTIONAL PROVISIONS (PAGE 4 OF 4)

37. "AS IS" CONDITION: This Contract is for the sale and purchase of Real Estate and personal property in its "As Is" condition as of the Date of Acceptance. The Real Estate and personal property have been inspected by Buyer and Buyer acknowledges that no representations, warranties or guarantees with respect to the condition of the Real Estate and personal property have been made by Seller or Seller's Agent other than those known defects, if any, disclosed by Seller.

n/A 38. VA OR FHA FINANCING: If Buyer is seeking VA or FHA financing, this provision shall be applicable. Buyer may terminate this Contract if the purchase price set forth herein exceeds the appraised value of the Real Estate, as determined by the Veterans Administration (VA) or the Federal Housing Administration (FHA). However, Buyer shall have the option of proceeding with this Contract without regard to the amount of the appraised valuation.

If VA, the Funding Fee, or if FHA, the Mortgage Insurance Premium (MIP) shall be paid by Buyer and (check one) ☐ shall ☐ shall not be added to the mortgage loan amount.

Seller agrees to pay additional miscellaneous expenses, required by lender, not to exceed $200.00. These charges may include, but are not limited to, compliance inspection fee(s), termite inspection fee, tax service fee, document preparation fee, and ARM endorsement closing fee.

REQUIRED FHA OR VA AMENDMENTS MUST BE ATTACHED TO THIS CONTRACT.

n/A 39. INTERIM FINANCING: This Contract is contingent upon Buyer obtaining a written commitment for interim financing on or before ________, 19____ in the amount of $________. If Buyer is unable to secure the interim financing commitment and gives written notice to Seller within the time specified, THIS CONTRACT SHALL BE NULL AND VOID AND EARNEST MONEY REFUNDED TO BUYER UPON WRITTEN DIRECTION OF THE PARTIES TO ESCROWEE. IF WRITTEN NOTICE IS NOT SERVED WITHIN THE TIME SPECIFIED, BUYER SHALL FOR ALL PURPOSES BE DEEMED TO HAVE WAIVED THIS CONTINGENCY AND THIS CONTRACT SHALL REMAIN IN FULL FORCE AND EFFECT.

n/A 40. ASSUMPTION OF SELLER'S MORTGAGE: Buyer's obligations are contingent upon Buyer receiving written confirmation of assumption from the mortgagee on or before ________, 19____ that Buyer may assume, as of the date of closing, Seller's existing first mortgage on the Real Estate. Seller represents the following as to the first mortgage as of the closing: Mortgage holder ________; Loan number ________; Approximate unpaid balance $________; Monthly principal and interest payment of $________; Interest rate ____%; (check one) ☐ fixed ☐ adjustable. Monthly escrow payment $________; Balloon or maturity date ________, 19____. It (check one) ☐ shall ☐ shall not be a condition to Seller's obligations that Seller is released from liability of the assumed mortgage as of the closing date. Seller shall deliver to Buyer prior to closing any documents the mortgage holder may require to facilitate the assumption, together with a copy of the note, mortgage and other loan documents. Buyer shall pay all costs and fees required by lender for assumption. In the event Buyer is unable to obtain written confirmation of assumption within the time specified, at Buyer's election THIS CONTRACT SHALL BE NULL AND VOID AND EARNEST MONEY REFUNDED TO BUYER UPON WRITTEN DIRECTION OF THE PARTIES TO ESCROWEE.

**The loan to be assumed shall be current as of the date of closing and, if not current by reason of any monetary default, funds sufficient to bring said loan current and cure all defaults shall be deducted from the proceeds otherwise payable to Seller at closing and applied for such purpose.**

N/A 41. ARTICLES OF AGREEMENT FOR DEED OR PURCHASE MONEY MORTGAGE:

This Contract is contingent upon: (Check one)

☐ A. Seller's attorney preparing an Articles of Agreement for Deed acceptable to the Parties and their attorneys on or before ________, 19____ consistent with the following terms.

☐ B. Seller taking back a Purchase Money Mortgage against the Real Estate to secure a note for the Contract Balance consistent with the following terms and Buyer shall execute and deliver to Seller at closing a note, mortgage and assignment of rents in favor of Seller.

TERMS:

Downpayment (including earnest money) $________ Monthly payment: (principal and interest) $________

Amount to be financed: (Contract Balance) $________ Tax reserve: (¹⁄₁₂th of estimated bill) $________

Date of first payment: ________ Insurance reserve: (¹⁄₁₂th of estimated premium) $________

Date of final payment: ________ TOTAL Monthly Payment: $________

The amount of any monthly payment representing principal and interest is a sum which will amortize the Contract Balance at an interest rate of ____% over a period of ____ years with a balloon payment in ____ years. It is agreed by the Parties that they shall not be legally obligated to the suggested terms unless and until all documents are signed by all Parties.

Within five (5) calendar days after the Date of Acceptance of this Contract, Buyer shall furnish all such credit information (including employment verification) as Seller may request. Within ten (10) calendar days after such information has been furnished, Seller shall notify Buyer in writing of Seller's refusal to accept Buyer's credit. If Seller fails to deliver to Buyer notice within the time specified, Seller shall be deemed to have accepted Buyer's credit. If Buyer fails to furnish such information within the time specified or if Seller notifies Buyer in writing within the time specified that Buyer's credit is not acceptable, then, AT SELLER'S OPTION, THIS CONTRACT SHALL BE NULL AND VOID AND EARNEST MONEY REFUNDED TO BUYER UPON WRITTEN DIRECTION OF THE PARTIES TO ESCROWEE.

n/A 42. VACANT LAND: If the property is unimproved, this Contract is contingent on Buyer, at Buyer's expense, obtaining, within ____ calendar days after the Date of Acceptance a percolation, soil suitability, and/or soil boring test at a site of Buyer's choice on the property suitable for obtaining the necessary building and septic system permit from the appropriate authorities for a ____ bedroom house. IN THE EVENT SUCH TEST(S) IS UNSATISFACTORY, AT OPTION OF BUYER, WITHIN THREE (3) CALENDAR DAYS OF BUYER'S RECEIPT OF THE RESULT OF THE TEST(S) (AND COPIES OF SAME TO SELLER), THIS CONTRACT SHALL BE NULL AND VOID AND EARNEST MONEY REFUNDED TO BUYER UPON WRITTEN DIRECTION OF THE PARTIES TO ESCROWEE.

n/A 43. NEW CONSTRUCTION: Buyer's and Seller's obligations are contingent upon the Parties executing and entering into separate, written agreement providing for the construction and/or completion of a single family residence upon the premises on terms and conditions consistent herewith, and with such additional terms as either Party may deem necessary. Upon execution of such agreement by the Parties, said document shall supersede this Contract. IN THE EVENT THE PARTIES ARE UNABLE TO AGREE UPON THE TERMS AND CONDITIONS OF SUCH SEPARATE WRITTEN AGREEMENT WITHIN TEN (10) CALENDAR DAYS AFTER THE DATE OF ACCEPTANCE, UPON WRITTEN NOTICE OF ONE PARTY TO THE OTHER WITHIN THE TIME SPECIFIED, THIS CONTRACT SHALL BE NULL AND VOID AND EARNEST MONEY REFUNDED TO BUYER UPON WRITTEN DIRECTION OF THE PARTIES TO ESCROWEE.

44. SPECIFIED PARTY APPROVAL: This Contract is contingent upon the approval of the Real Estate by Atty to be Determine, Buyer's specified party, within five (5) calendar days after the Date of Acceptance. In the event Buyer's specified party does not approve of the Real Estate and written notice is given to Seller within the time specified, THIS CONTRACT SHALL BE NULL AND VOID AND EARNEST MONEY REFUNDED TO BUYER UPON WRITTEN DIRECTION OF THE PARTIES TO ESCROWEE. IF WRITTEN NOTICE IS NOT SERVED WITHIN THE TIME SPECIFIED, BUYER SHALL FOR ALL PURPOSES BE DEEMED TO HAVE WAIVED THIS CONTINGENCY AND THIS CONTRACT SHALL REMAIN IN FULL FORCE AND EFFECT.

Barrington Area Association of Realtors, Chicago Association of Realtors, Elgin Area Association of Realtors, Fox Valley Association of Realtors, Lake County Association of Realtors, McHenry County Association of Realtors, North Shore Board of Realtors, Northwest Association of Realtors, Northwest Suburban Bar Association, Realtor® Association of the Western Suburbs

APPROVED FORM (4/98)

*CDK-USA*
*MORTGAGE*

**RESIDENTIAL AND COMMERCIAL LENDING**

November 8, 2004

Mr. Richard Ingram
Statewood Realty
6521 S. Woodlawn Ave.
Chicago, IL. 60637

RE: Thomasina S. Dixon

PROPERTY: 4753 S. Dorchester Ave
Chicago, Il. 60615

DEAR MR. INGRAM,

PURSUANT TO YOUR REQUEST, I HAVE REVIEWED THE CREDIT, INCOME, ASSETS / LIABILITIES OF THE ABOVE REFERENCED CLIENT, AS WELL AS THE LISTING SHEET OF THE SUBJECT PROPERTY. BASED UPON THE SALES PRICE OF $440,000.00, MS. DIXON IS QUALIFIED TO SUCESSFULLY COMPLETE A PURCHASE TRANSACTION WITH A MINIMUM CASH INVESTMENT OF 10%.

WHILE THIS IS NOT A FORMAL LOAN COMMITMENT, I CAN ASSURE YOU THAT MY REVIEW WAS COMPREHENSIVE. GIVEN STANDARD PROCESSING, THERE SHOULD BE NO PROBLEM WITH ISSUANCE OF A FULL COMMITMENT.

PLEASE CALL IF THERE ARE QUESTIONS,

SINCERELY,

A. Kevin Hall
Senior Loan Officer

**980 North Michigan Avenue suite 1370 Chicago, Il. 60611**
**Office: 312-664-1900 Fax: 312-664-8160**