1445-11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CALVITA J. FREDERICK, et al., | ) | |
| Plaintiff, | ) | No. 07 C 7044 |
| | ) | |
| v. | ) | Honorable Judge Manning and |
| | ) | Honorable Mag. Judge Valdez |
| SELECT PORTFOLIO SERVICING, INC. | ) | |
| DLJ MORTGAGE CAPITAL, and | ) | Circuit Court of Cook County, Illinois |
| | ) | |
| PIERCE & ASSOCIATES, | ) | Case No. 07 L 12507 |
| Defendants. | ) | |

**DEFENDANTS' JOINT REPLY BRIEF IN SUPPORT OF
THEIR INDIVIDUAL MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants, Select Portfolio Servicing, Inc. ("SPS") and DLJ Mortgage Capital ("DLJ") (collectively "DLJ/SPS") and Pierce and Associates ("P&A"), through their respective counsel respond to the Plaintiffs' Response to the Defendants' motions to dismiss as follows:

**I.   INTRODUCTION**

Defendant Pierce and Associates ("P&A") filed a Motion to Dismiss Plaintiffs' Complaint ("P&A's Motion"). DLJ and SPS were thereafter granted leave to file a motion for judgment on the pleadings. Parties were directed to file joint pleadings whenever possible. DLJ and SPS adopted portions of P&A's Motion that addressed common arguments and otherwise moved for judgment based on supplemental arguments. Plaintiffs filed a single response to both the P&A and DLJ/SPS motions. In its June 28, 2008, briefing order, the Court directed P&A and DLJ/SPS to file a consolidated brief addressing common arguments to the extent possible and supplemental individual briefs if necessary. Defendants have also filed individual supplemental replies which address issues which are unique to their positions with in the matter.[1]

---

[1] Defendants will not reply to Plaintiffs' attempt to use the Response to plead an additional claim under 42 USC

A.   **MATTERS TO BE ADDRESSED JOINTLY.**

Defendants maintain that in failing to respond to the Defendants' motion to dismiss, the Plaintiffs have waived the claims or Defendants are entitled to judgment/dismissal of those claims plead in Counts Five through Eight of the Complaint.  The Defendants also maintain that the Plaintiffs cannot sustain a claim for Intentional Infliction of Emotional Distress, and Defendants are entitled to judgment/dismissal of Counts Nine and Ten.

B.   **MATTERS TO BE ADDRESSED IN SUPPLEMENTAL BRIEFS.**

Defendants will present supplemental briefs as to all other legal and factual arguments.

## II.    ARGUEMENT

A.   **PLAINTIFFS HAVE WAIVED THE CLAIMS OR DEFENDANTS ARE OTHERWISE ENTITLED TO JUDGMENT/DISMISSAL OF THE CLAIMS PLEAD IN COUNTS FIVE THROUGH EIGHT OF THE COMPLAINT.**

1.   **PLAINTIFF HAS WAIVED ALL CLAIMS OR DEFENDANTS ARE OTHERWISE ENTITLED TO JUDGMENT/DISMISSAL OF ANY CLAIMS FOR TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP.**

In their respective motions to dismiss, the Defendants demonstrated that Plaintiffs failed to state a claim for tortious interference with a business relationship.  The Plaintiffs failed to plead the elements of the cause of action with respect to the 2005 contract, and as to the relationship with the investor in the foreclosure sale.  Plaintiffs only response to Defendants' motion is the mere assertion that, "Plaintiff has established a claim bases (*sic*.) on Tortious Interference with a Business Relationship with the Dixon Contract and the Foreclosure Matter."

---

§3617 as it is well established that a plaintiffs' response to a motion filed under Federal Rule 12 (b)(6) may not be used to amend a complaint. (Pl. Response p. 9).
   "Plaintiff cannot amend his complaint by raising new claims in response to the motion to dismiss. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("[I]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss...."); *Berg v. BCS Fin. Corp.*, 372 F.Supp.2d 1080, 1091 n. 8 (N.D.Ill. 2005) (declining to consider new claims contained in response to motion to dismiss)."
*Wooley v. Jackson Hewitt, Inc.,* 540 F. Supp.2d 964, 972 (N.D.Ill. 2008).

2

(Pl. Response p. 13). She makes no other statements, and provides no argument demonstrating that the Defendants' position is incorrect. The Court and the Defendants are not required to read her mind as to what support she has to this assertion, nor are they required to make the Plaintiffs arguments for them.

> As this Court explained not long ago, "**Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response [to a motion to dismiss] is no response**." *Williams v. Miller,* **No. 03-524-DRH, 2006 WL 240413, at \*3 (S.D.Ill. Jan. 31, 2006** (quoting *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir.1999)) *Emphasis in original.*

*Wheeler v. Pension Value Plan for Employees of the Boeing Company,* 2007 WL 2608875 (S.D. Ill. 2007).

By failing to respond to the arguments made in the motion to dismiss, Plaintiffs have waived their claims for tortious interference with a business relationship.

> "In effect the plaintiff [can be] defaulted for refusing to respond to the motion to dismiss. And rightly so." *Id. Cf. Lekas v. Briley,* 405 F.3d 602, 614-15 (7th Cir.2005) (a plaintiff waived an argument by failing to raise it in response to a motion to dismiss); *Walker v. National Recovery, Inc.,* 200 F.3d 500, 504 (7th Cir.1999) (if a plaintiff who files a formally sufficient complaint does nothing to back it up after the defendant moves for dismissal, the district court may enter judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure); *Teumer v. General Motors Corp.,* 34 F.3d 542, 545-46 (7th Cir.1994) ("[W]hat is fatal to [a] theory on appeal is [plaintiff's] failure to mention it to the district court when the time ... come[s] in the proceedings below to present legal arguments linking the claims described in the complaint to the relevant statutory (or other) sources for relief."). *Accord Levin v. Childers,* 101 F.3d 44, 47 (6th Cir.1996) ("A plaintiff will be found to have waived a particular legal theory if he ... fail[s] to mention it .... when he should have done" in opposition to a motion to dismiss).

*Id.*

As the Plaintiffs' response to the Motions to Dismiss is nothing more than an unsupported conclusory statement, Plaintiffs have waived either their claims in Counts Five and Six or Defendants are otherwise entitled to judgment/dismissal.

    **2.** **PLAINTIFFS HAVE WAIVED ALL CLAIMS FOR BREACH OF GOOD FAITH AND FAIR DEALING.**

The Defendants' motions to dismiss assert that the Plaintiffs have failed to state a cause of action in Counts Seven and Eight of the Complaint. In those counts, Plaintiffs assert that the Illinois Mortgage Foreclosure Act "imposes on the mortgagee a duty of good faith and fair dealing in the pursuit of foreclosure actions." Defendants have fully explained that under Illinois law this duty is nonexistent. Plaintiffs' response does not address the Defendants' argument. In failing to respond to the Defendants' motions on this issue, Plaintiffs have conceded the argument, and waived the claim. Defendants are entitled to judgment/dismissal of Counts Seven and Eight.

**B.** **PLAINTIFFS FAIL TO STATE EITHER AN INDEPENDENT CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, OR PROVEN THAT THEY ARE ENTITLED TO DAMAGES UNDER THE FHA. IF THE CLAIM IS BROUGHT UNDER THE FHA IT IS TIME BARRED.**

Plaintiffs plead Counts Nine ("Dixon Contract") and Ten ("Foreclosure Matter") as independent tort claims for Intentional Infliction of Emotional Distress ("IIED"). Defendants addressed the standards for bringing an IIED claim in their respective motion. Defendants restate those standards and reiterate that Plaintiffs have failed to state a claim for which relief can be granted based on intentional infliction of emotional distress.

Plaintiffs' Response fails to address the numerous cases cited by Defendants which demonstrate that Plaintiffs' allegations simply do suggest the type of outrageous conduct which would give rise to a claim for IIED; that any defendant actually intended to cause emotional distress or that, in this case, any plaintiff actually suffered emotional distress as a proximate result of the actions at issue. Indeed, as far as the Frederick children are concerned, Plaintiffs' Response affirmatively offers they are unaware of the "details" as to what has occurred and

4

otherwise "don't understand" anything other than they might move.  Plaintiffs' Response does not argue the children have suffered any emotional distress caused directly by the Defendants' conduct, let alone that the distress is so severe that no reasonable person could be expected to endure it.  (Response p. 11).  Instead, Plaintiffs' Response actually states that the "stress" felt by the children is related to the divorce of their parents and their father's work place.

Plaintiffs rely on *Doe v. Calumet City,* 161 2d 374, 641 N.E. 2d 498, 204 Ill. Dec. 274 (1994) and concede that to state a claim for IIED there must be severe or extreme emotional distress as a result of "…intentional or reckless extreme and outrageous conduct".  (Response p. 10).  The court in *Doe* notes that "[w]hether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of a particular case." *Doe at* 392, 507, *citing, McGrath v. Fahey*, 126 Ill.2d 78, 90, 127 Ill. Dec. 724, 533 N.E.2d 806 (1988).  Plaintiff argues that under *Doe* a relevant factor is an individual's susceptibility to emotional distress in a particular incident.  (Response p. 10).  Again that is only one factor and the court must look at the totality of the circumstances.

The circumstances endured by the Plaintiff in *Doe* are in no way comparable to those of Frederick and her family.  In *Doe*, the Plaintiff filed a Civil Rights Action under §1983 against the police regarding their response to a call when Doe was locked out of her house, and she believed a rapist was inside with her children.  In this case, Frederick and her family were responding to the normal stresses of endured by a family going through a foreclosure.  Plaintiff Frederick describes herself as "particularly sensitive" to the behavior in this case.  (Response p. 11).  This is stretch beyond the standards set out in *Doe*.  The court in *Doe* notes that,"[c]onduct which might otherwise be considered merely rude or abusive may be deemed outrageous where the defendant knows that the plaintiff is particularly susceptible to emotional distress. *Id. citing,*

5

*McGrath.* As an attorney, instead of being more susceptible as she argues, Frederick was if anything, was better prepared than most to understand and resolve the issues raised in the context of a foreclosure. (Response p. 10). Frederick does not argue that the foreclosure proceedings were baseless or unfounded. Her children, as stated above, were not aware of the alleged conduct.

In their response, Plaintiffs otherwise seem to switch gears, improperly allege additional facts and argue that emotional distress type damages are "a viable component of an action alleging violations of the FHA". (Response p. 10). This argument misses the mark since whether "emotional distress" type damages may be assessed under the FHA has nothing to do with whether Plaintiffs plead an independent claim for IIED.

Moreover, even though emotional distress damages may be recovered under the FHA, that begs the question of whether Plaintiffs have stated a claim under the FHA. As set forth here and in the Defendants' supplemental replies, Plaintiffs have failed to plead or demonstrate a viable FHA claim.

Furthermore, even if such damages may be recoverable under the FHA, it is well settled that before recovering such damages a plaintiff would have to plead and prove their "emotional distress" was *caused by the discriminatory conduct*, not from any other source. *Simovits v. Chanticleer Condominium Assoc.*, 933 F.Supp. 1394 (N.D.Ill. 1996). In *Simovits,* the court found that the husband could not prove any specific emotional injury stemming from enforcement of discriminatory covenant, merely had "very deep rooted emotions about discrimination", and the wife only suffered "the normal stresses resulting from the inability to sell their home." *Simovits* at 1406, 1407.

Plaintiffs concede that the children are unaware of the "details" as to what has occurred and otherwise "don't understand" anything other than they might move. There is no mention of Larry Sowell, the ex-husband's, reaction to the foreclosure whatsoever. As to the causal connection to Frederick there is none, as she states that she was "embarrassed and humiliated by these ongoing legal battles over her home." (Response p. 11).

Finally, even if a court finds discriminatory conduct, and that it is the cause of a plaintiffs' distress, the distress still must meet the same standards as they would in a tort situation. Namely that; 1) defendant's conduct was extreme and outrageous; 2) defendant either intended that his conduct should inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress; 3) the defendant's conduct in fact caused sever emotional distress. *Doe,* at 392, 506, *citing, Public Finance Corp. v. Davis*, 66 Ill.2d 85, 4 Ill. Dec. 652, 360 N.E.2d 765 (1976). Neither the behavior complained of in failing to provide a timely payoff letter, nor inadvertently misinforming the Plaintiff of the judicial sale date, could be considered extreme and outrageous behavior, clearly there is no allegation or inference that Defendants intended to cause, nor did in fact cause, severe emotional distress.

Ultimately, if Plaintiffs' claims for "emotional stress" type damages are viewed as part and parcel of their FHA claim, the Plaintiffs have failed to sate a claim for such relief, or if any claim might exist, it is time barred. If on the other hand they are viewed as independent claims for intentional infliction of emotional distress, they are also time barred as the limitations period for a claim for intentional infliction of emotional distress is two (2) years. Plaintiffs argue that with respect to the Dixon Contract the limitations period is "equitably tolled" for the same reason she argues her FHA claim was equitably tolled. However, this simply cannot be the case. First,

the fact she was not given payoff or closing documents in April 2005 and therefore could not complete the Dixon Contract in April 2005 was known at the time and any harm would have been known at the time. Second, if she is suggesting she didn't know she had been harmed or injured until August of 2007 then she has plead herself out of the a claim intentional infliction of emotional distress, since it cannot be said that the conduct was: extreme and outrageous; intended by the actor to inflict severe emotional distress; or that the actions actually caused distress so severe that no reasonable person could be expected to endure it. *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 90 (1976). Finally, for the reasons previously set forth herein, Frederick's pleadings, exhibits and the public records demonstrate there is no factual or legal basis for "equitable tolling".

                                                  Respectfully submitted,

                                                  /s/ Ruth B. Sosniak
                                                  Attorney for Defendant
                                                  Pierce and Associates

                                                  /s/ Michael J. Weik
                                                  Attorney for Defendants
                                                  Select Portfolio Servicing, Inc. and DLJ Mortgage Capital

James V. Noonan #6200366
Mitchell A. Lieberman #6193234
Jonathan D. Nusgart #6122908
Katherine M. Donat #6289386
Ruth B. Sosniak #6204497
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 3000
Chicago, Illinois 60603
312-431-1455

Michael J. Weik ARDC # 3125782
Craig C. Smith ARDC #6238126
Smith & Weik LLC
10 S. LaSalle Street, Suite 3702
Chicago, IL 60603
312-443-9540

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing DEFENDANTS' JOINT REPLY BRIEF IN SUPPORT OF THEIR INDIVIDUAL MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT was served by electronic filing with the clerk of the Court (ECF) on the following parties or their attorneys:

    Craig C. Smith
    Smith & Weik, LLC
    10 S. LaSalle St., Suite 3702
    Chicago, IL  60603

    Michael J. Weik
    Smith & Weik, LLC
    10 S. LaSalle St., Suite 3702
    Chicago, IL  60603

    Diana Athanasopoulos
    Pierce & Associates, P.C.
    One North Dearborn, Suite 1300
    Chicago, IL  60602

Service by other means:

    Calvita J. Sowell
    Attorney at Law
    4753 S. Dorchester Avenue
    Chicago, IL  60615

On August 28, 2008                        Respectfully submitted,

                                                   /s/ Ruth B. Sosniak
                                                   Attorney for Defendant
                                                   Pierce & Associates

James V. Noonan #6200366
Mitchell A. Lieberman #6193234
Jonathan D. Nusgart #6122908
Katherine M. Donat #6289386
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 3000
Chicago, Illinois 60603
312-431-1455