1445-11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CALVITA J. FREDERICK, et al.,           )
                        Plaintiff,       )          No. 07 C 7044
                                         )
        v.                               )          Honorable Judge Manning and
                                         )          Honorable Mag. Judge Valdez
SELECT PORTFOLIO SERVICING, INC.  )
DLJ MORTGAGE CAPITAL, and                )          Circuit Court of Cook County, Illinois
PIERCE & ASSOCIATES,                     )          Case No. 07 L 12507
                        Defendants.      )


**PIERCE & ASSOCIATES' SUPPLEMENTAL**
**REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, Pierce & Associates, hereby submits its supplemental brief in reply to the portions of Plaintiffs' Response to Pierce & Associates' Motion to Dismiss which are not addressed jointly with the other defendants in this matter.

A.    THE DEFENDANTS' CONDUCT RELATING TO THE DIXON CONTRACT DID NOT TOLL THE STATUTE OF LIMITATIONS ON PLAINTIFF'S FHA AND CRA CLAIMS. (COUNTS I AND II).

Defendant Pierce & Associates stated in its motion to dismiss that it have no involvement with this matter at the time of the Dixon Contract, however, Plaintiffs' Response does not distinguish among the Defendants in regard to this matter.  In response to the argument that the FHA and Civil Rights claims centering on the failed Dixon contract are time-barred, Plaintiffs in essence ask that this defect be overlooked. They urge the court to "equitably toll" the statute of limitations not because Defendants did anything to hide the existence of these causes of action but because it would be unfair to penalize them for the Defendants' alleged failure to provide Ms. Frederick with pay-off figures in time to close the Dixon deal. (Pl. Resp. p. 6).

This argument distorts the law. When invoking the doctrine of equitable tolling, a plaintiff must plead specific facts to support the court's conclusions that she exercised due

1

diligence and that the statute of limitations must be tolled. *See*, *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 449 (7th Cir. 1990).  A plaintiff may toll the statute of limitations if, despite all due diligence, she is unable to obtain enough information to conclude that she may have a discrimination claim.  *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 268 (7th Cir. 1995). Equitable tolling does not postpone the running of the statute of limitations until the plaintiff is certain her rights had been violated. Rather, the limitations period begins to run when a reasonable person *would believe* he may have a cause of action.  *Id.* As such, the Seventh Circuit holds that equitable tolling is reserved for situations in which the claimant "has made a good faith error (*e.g.*, brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *See, Threadgill v. Moore U.S.A., Inc.,* 269 F.3d 848, 850 (7th Cir. 2001) (*quoting Jones v. Madison Serv. Corp.,* 744 F.2d 1309, 1314 (7th Cir. 1984)).

Plaintiffs completely fail to explain how not providing Ms. Frederick with pay-off figures in 2005 justifies tolling the statute of limitations. They offer nothing to support the notion that they acted diligently and fail to explain how they were prevented from bringing this claim earlier. This is certainly not a situation where the Plaintiffs assert they made a good faith error. They knew in 2005 that the Defendants did not provide the pay-off information before the contract with Dixon expired.  Indeed, that is the very reason they allege the contract fell through. If a reasonable person thought that Defendants' conduct was injurious they would have brought suit in time. *Cf. Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.,* 277 F.3d 882, 892-93 (7th Cir. 2001) (equitable tolling did not apply where a reasonable person in the plaintiff's position exercising due diligence would have discovered long before five years had elapsed that she was not receiving the correct amount in her paycheck); *Jackson v. Rockford Hous. Auth.,* 213 F.3d 389, 397 (7th Cir. 2000) (when the plaintiff learned that his employer had

hired the white candidate, he knew that one possible explanation for why he was not promoted was racial discrimination and, therefore, he was required to undertake some inquiry to verify or discard this theory).

To suggest that the conduct giving rise to the cause of action is also the "extraordinary event" warranting the tolling of the statute of limitations makes no sense.

The cause of action must first accrue before the Plaintiffs may bring an action. The conduct giving rise to the cause of action cannot also be the extraordinary event preventing the plaintiff for suing earlier. By this measure, only serious acts of unfairness will justify tolling; other sort won't. Plaintiffs cannot conflate the conduct giving rise to the claim with the conduct preventing them from suing earlier.

**B.     P&A'S CONDUCT DID NOT FALL WITHIN THE AMBIT OF THE FHA BECAUSE P&A DID NOT ENGAGE IN A "RESIDENTIAL REAL ESTATE-RELATED TRANSACTION". (COUNT III AND IV).**

The Plaintiffs' discussion of the circumstances surrounding the Dixon contract is pointless. It does not fix the flaw in their Fair Housing Act (FHA) claim which is that P&A is not subject to the FHA because it was not engaged in a "residential real estate-related transaction". Instead, they meekly counter that they have plead the elements necessary to state a claim under Section 3605 of the FHA, 42 U.S.C. §3605(a) (Pl. Resp. p. 8) and leave it at that.

However, a recitation of the legal elements of a claim is not enough. To state a claim in federal court, the complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. --- -, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the

claim to which the defendant is entitled under Rule 8". *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 667 (7th Cir. 2007).

As P&A points out in its opening brief, to be liable under Section 3605, the Plaintiffs must also plead that the Defendant engaged in a "residential real estate-related transactions". *Michigan Protection & Advocacy Service, Inc. v. Babin,* 18 F.3d 337, 346 (6th Cir. 1994). In other words, plaintiff must allege that the defendant (1) made loans, (2) purchased loans, (3) provided financial assistance, (4) sold residential real property, (5) brokered residential real property, or (6) appraised residential real property. 42 U.S.C. §3605(a). Here, Plaintiffs fail to plead any facts to support the inference that P&A's conduct occurred during a "residential real estate-related transaction".[1] She does not allege that P&A gave her a loan, purchased her loan, gave her financial assistance, sold, brokered or appraised her real estate. P&A's role in this matter was merely as counsel for the mortgagee in a civil lawsuit to foreclose a mortgage. It was not a participant in a residential real estate transaction. The fact that P&A's conduct may have been wrongful does not mean that it also transgressed the Plaintiffs' civil rights. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285 (1976).

Plaintiffs cite *Hickson v. Home Federal of Atlanta,* 805 F.Supp. 1567 (N.D.Ga. 1992) for the proposition that merely reciting the elements of a Section 3605 FHA claim is sufficient to sustain it under federal pleading rules. That is what *Hickson* says. A plaintiff must also plead facts to show that the conduct complained of violated the FHA. In fact, in *Hickson*, the court found that the plaintiff failed to allege facts to support all the elements of a Section 3605 claim. In that case, the plaintiff failed to please that he met the lender's qualifications to prevent

---

[1] Plaintiffs tacitly admit that the claims directed against P&A under the FHA are inadequate when she impermissibly tries to convert her claim to a claim under Section 3617 of the FHA. This will not save them. *See, Thomason v. Nachtrieb*, 880 F.2d 1202, 1205 (7th Cir. 1989).

foreclosure.  It therefore dismissed the complaint. The court should dismiss the complaint here as well.  It is inadequately plead and based on a fair reading of what has been plead, the Plaintiffs will never be able to state a claim against this Defendant under the FHA.

**C.      PLAINTIFFS FAIL TO RESPOND TO THE MOTION TO DISMISS THE CRA CLAIM. (COUNT III AND IV).**

After a careful reading of Plaintiffs' Response, it appears they only address the CRA claims in relation to the Dixon Contract found in Counts I and II of the Complaint, not the CRA claim relating to the foreclosure sale. (Counts III and IV). (Pl. Resp. pp. 9, 12).[2]  As to P&A's involvement in the foreclosure matter, they do not answer the challenge that they do not allege in their complaint "with specificity facts sufficient to show or raise an inference of (1) the defendant's racial animus; (2) intentional discrimination; and; (3) that the defendant deprived plaintiff of his rights [to inherit, purchase, lease, sell, hold, or convey property] because of race." *Brown v. Philip Morris, Inc.,* 250 F.3d 789, 797 (3d Cir. 2001). On this account, their failure to respond to P&A's argument warrants dismissal.

As the Seventh Circuit observed, "[o]ur system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response [to a motion to dismiss] is no response." *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999).  "In effect the plaintiff [can be] defaulted for refusing to respond to the motion to dismiss. And rightly so." *Id. Cf. Lekas v. Briley,* 405 F.3d 602, 614-15 (7th Cir. 2005) (a plaintiff waived an argument by failing to raise it in response to a motion to dismiss); *Walker v. National Recovery,*

---

[2]  The foreclosure transaction is not mentioned anywhere other than Frederick's discussion of 42 U.S.C. §3617 which addresses claims that were never addressed in the Complaint.  This is fully addressed in the Defendants' Joint Motion.

*Inc.,* 200 F.3d 500, 504 (7th Cir. 1999) (if a plaintiff who files a formally sufficient complaint does nothing to back it up after the defendant moves for dismissal, the district court may enter judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure); *Teumer v. General Motors Corp.,* 34 F.3d 542, 545-46 (7th Cir. 1994) ("[W]hat is fatal to [a] theory on appeal is [plaintiff's] failure to mention it to the district court when the time ... come[s] in the proceedings below to present legal arguments linking the claims described in the complaint to the relevant statutory (or other) sources for relief."). *Accord Levin v. Childers,* 101 F.3d 44, 47 (6th Cir. 1996) ("A plaintiff will be found to have waived a particular legal theory if he ... fail[s] to mention it .... when he should have done" in opposition to a motion to dismiss).

Here, Plaintiffs failed to address the argument that the complaint does not allege facts to support the notion that P&A bore Ms. Fredrick racial animus. They likewise did not demonstrate that the complaint is deficient in neglecting to allege that P&A's conduct was intentionally discriminatory. It is true the complaint recites the elemental allegation that P&A deprived Ms. Fredrick of her rights on account of her race, but it sets forth nothing to back that up. Judgment should therefore be entered on Counts Three and Four due to Plaintiffs' failure to respond.

**D.    NOTWITHSTANDING THEIR FAILURE TO RESPOND, THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER THE CRA PERTAINING TO THE FORECLOSURE MATTER. (Counts III and IV).**

In the end it makes no difference if the court finds that Plaintiffs have addressed the motion to dismiss the CRA claim in their response because, on the face of the complaint, the Plaintiffs have simply not made out a claim against P&A under the CRA. Dismissal is therefore warranted.

The law is clear as to the pleading requirements for a claim under the CRA. The Plaintiffs must "allege with specificity facts sufficient to show or raise an inference of (1) the defendant's

racial animus; (2) intentional discrimination; and; (3) that the defendant deprived plaintiff of his rights [to inherit, purchase, lease, sell, hold, or convey property] because of race." *Brown v. Philip Morris, Inc.,* 250 F.3d 789, 797 (3d Cir. 2001); *Puglisi v. Underhill Park Taxpayer Ass'n,* 947 F.Supp. 673, 700 (S.D.N.Y. 1996), *aff'd,* 125 F.3d 844. Admittedly, the federal system of notice pleading only requires the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Therefore, the complaint need not allege detailed facts. *Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007). However, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly,* 127 S.Ct. at 1965 (2007)) (internal quotations omitted). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly,* 127 S.Ct. at 1965.

As demonstrated in the motion to dismiss, the Plaintiffs do not set forth sufficient facts to show P&A's racial animus. It contained nothing beyond bare speculation. Plaintiffs plead nothing to support the inference that P&A singled Ms. Frederick out for mistreatment because she was black  The facts alleged in the Complaint, Ms. Fredrick's affidavit, and the transcribed phone message do not support the conclusion that Pierce treated Ms. Fredrick any differently than any other caller requesting information regarding a sale.

Rather than defend the sufficiency of the Complaint, all the Plaintiffs can say is that they "believe[] she [sic] has been subjected to [ ] discrimination" like the kind experienced by the Plaintiff in *Smith v. Anchor Building Corp.,* 536 F. 2d 231 (1976). (Pl. Resp. p. 12). In *Smith*, the court found that the Plaintiff had sufficiently alleged discrimination where she met the objective requirements of the landlord to rent an apartment and would have got the apartment had she been

white.  The instant case is nothing like *Smith*.  Nothing about P&A's conduct during the foreclosure, *i.e.,* misrepresenting the foreclosure sale would not take place, supports the inference this was done out of racial animus.  Ms. Frederick certainly had a right to participate in the sheriff's sale.  But the allegations do not suggest that when P&A allowed the sale to proceed, it was for reasons other than an error or miscommunication on counsel's part.

Finally, as with the FHA claim, P&A was not engaged in conduct that abrogated a civil right during the foreclosure proceeding. Even if what Plaintiffs say was true that conduct did not deny her a housing benefit. *See*, *Zhu v. Fisher, Cavanaugh, Smith & Lemon, P.A.,* 151 F.Supp.2d 1254 (D.Kan. 2001) (law firm which represented client in housing dispute could not be held liable to clients opponent under statute prohibiting racial discrimination in real estate transactions because law firm's conduct was not denial of housing benefit).

For the reasons stated herein, in the Joint Reply and in P&A's Motion to Dismiss, this Court should dismiss this cause with prejudice.

/s/ James V. Noonan
Attorney for Defendant, Pierce & Associates

James V. Noonan #6200366
Mitchell A. Lieberman #6193234
Jonathan D. Nusgart #6122908
Katherine M. Donat #6289386
Ruth B. Sosniak #6204497
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 3000
Chicago, Illinois 60603
312-431-1455

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing PIERCE & ASSOCIATES' SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS  was served by electronic filing with the clerk of the Court (ECF) on the following parties or their attorneys:

> Craig C. Smith
> Smith & Weik, LLC
> 10 S. LaSalle St., Suite 3702
> Chicago, IL  60603

> Michael J. Weik
> Smith & Weik, LLC
> 10 S. LaSalle St., Suite 3702
> Chicago, IL  60603

> Diana Athanasopoulos
> Pierce & Associates, P.C.
> One North Dearborn, Suite 1300
> Chicago, IL  60602

Service by other means:

> Calvita J. Sowell
> Attorney at Law
> 4753 S. Dorchester Avenue
> Chicago, IL  60615

On August 28, 2008

Respectfully submitted,

 /s/ James V. Noonan
Attorney for Defendant, Pierce & Associates

James V. Noonan #6200366
Mitchell A. Lieberman #6193234
Jonathan D. Nusgart #6122908
Katherine M. Donat #6289386
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 3000
Chicago, Illinois 60603
312-431-1455