# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 CV 7044 | **DATE** | April 14, 2011 |
| **CASE TITLE** | | *Calvita Frederick v. Select Portfolio* | |

**DOCKET ENTRY TEXT**

The defendants' motions for summary judgment [218–1] &[224-1] on Counts I, III, IV and V of Frederick's First Amended Complaint are granted. Because no other counts remain, the clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

■ [ For further details see text below.]    Docketing to mail notices.

00:00

## STATEMENT

Plaintiff Calvita Frederick has sued her mortgage company, DLJ Mortgage Capital, Inc., the mortgage servicer, Select Portfolio Servicing, Inc., and Pierce & Associates, DLJ's counsel, alleging that the defendants are attempting to force her from her home on account of her race. The defendants have moved for summary judgment on all of the counts against them. The court entered a briefing schedule allowing Frederick time to respond to the motion and to the defendants' Rule 56.1 statements of fact, but Frederick has not done so. For the reasons that follow, the motions for summary judgment are granted.

The following facts are undisputed. Frederick, an attorney representing herself in this matter, purchased her home on Dorchester Avenue in Chicago in 1994. The mortgage originated with Home Savings of America, but is now held by defendant DLJ Mortgage. In 2003, a judgment of foreclosure was entered against Frederick regarding the Dorchester Avenue home, and a foreclosure sale was scheduled for January 5, 2005, but the sale was stopped after Frederick filed for bankruptcy the day before. According to Frederick, she then attempted to avoid foreclosure by lining up Thomasina Dixon (her mother) to buy her home. Frederick alleges that to complete the sale to Dixon, she needed payoff statements from DLJ, but DLJ refused to provide them in a timely manner and the sale to Dixon fell through.

In 2006, foreclosure proceedings began anew and a judicial sale occurred on May 10, 2007. Frederick alleges that defendant Pierce & Associates lied to her and told her that the May 10 sale had been cancelled so that another person she had lined up to buy her home, Scott Dantuma, would be prevented from participating in the auction. DLJ was the successful bidder at the judicial sale, but after discovering that the sale had occurred on May 10 after all, Frederick succeeded in having the sale vacated by the state court.

She then filed the instant lawsuit. Originally her ex-husband and daughters were also plaintiffs, but they voluntarily dismissed their claims. The claims that remain are as follows. In Count I, Frederick alleges that the defendants discriminated against her in violation of both the Federal Fair Housing Act, 42 U.S.C. § 3605(a), and the Civil Rights Act of 1866, 42 U.S.C. § 1982, when they told her that the May 10, 2007, had

been rescheduled in order to thwart her planned sale to Dantuma. In Counts III and IV, she alleges that the defendants tortiously interfered with her business relationships with Dixon (Count III) and Dantuma (Count IV). Finally, in Count V she alleges a claim of intentional infliction of emotional distress.

The defendants filed a joint motion for summary judgment on Counts I, IV and V. In addition, defendants DLJ and Select Portfolio filed a supplemental motion for summary judgment on Count III (to which they are the only defendants).

## ANALYSIS

### I. Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Moreover, a court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *See Valenti*, 970 F.2d at 365; *see also Anderson*, 477 U.S. at 248.

Thus, in order to withstand a motion for summary judgment, the nonmoving party must show that a dispute about a genuine issue of material fact exists. *See Anderson*, 477 U.S. at 248. The nonmoving party may not merely rest upon the allegations or details in his pleading, but instead, must set forth specific facts showing there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

### II. Discrimination under the Fair Housing and Civil Rights Acts (Count I)

The defendants contend that they are entitled to judgment on Frederick's claims under the Fair Housing and Civil Rights Acts because she has identified no evidence to support her allegations of racial discrimination. The Fair Housing Act prohibits racial, religious, sex, disability, familial, or national origin discrimination in "residential real estate-related transactions," including "the making or purchasing of loans or providing other financial assistance" related to residential real estate, and "the selling, brokering, or appraising of residential real property." 42 U.S.C. § 3605(a) & (b). To survive a motion for summary judgment under § 3605 of the Fair Housing Act, Frederick must either identify (1) evidence that two applicants, one within a protected class and one outside that class, sought to engage in a real estate-related transaction but, even though they both met the defendants' standards, the defendant engaged in the transaction with only the applicant outside the protected class, or (2) other direct or circumstantial evidence of discrimination sufficient to create a triable issue of fact. *See Dumas v. Sentinel Mortgage Corp.*, No. 02 CV 5255, 2003 WL 22859807, at *3 (N.D. Ill. Dec. 2, 2003).

Similar to the Fair Housing Act, the Civil Rights Act of 1866 guarantees members of a protected racial minority the "same right . . . as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real property, and personal property." 42 U.S.C. § 1982. To succeed on a claim under § 1982, a plaintiff must identify evidence the "the defendant had a racial animus, intended to discriminate against the plaintiff, and deprived the plaintiff of protected rights because of plaintiff's race." *Johnson v. City of Joliet*, No. 04 CV 6426, 2006 WL 1793574, at *7 (N.D. Ill. June 27, 2006).

**STATEMENT**

By failing to respond to the motion for summary judgment, Frederick has failed to fulfill her obligation to identify evidence of discrimination to support her claim. *See Goodman v. National Sec. Agency, Inc.*, 621 F.3d 651, 653 (7th Cir. 2010) ("We often call summary judgment, the 'put up or shut up' moment in litigation, by which we mean that the non-moving party is required to marshal and present the court with the evidence she contends will prove her case.") (citation omitted). Moreover, by failing to respond to the defendants' Rule 56.1 statements, she has admitted their assertions that they had no reason to know and, in fact, were unaware that she was an African-American and, therefore, could not have acted on the basis of her race. *See, e.g.*, Movants' L.R. 56.1 Statement of Material Facts [220-1] ¶¶ 57, 65-67.

Because Frederick has failed to identify any evidence that the defendants treated her differently than persons outside her protected class, or that they acted based on her race, the defendants are entitled to judgment on Count I.

### III.     Tortious Inteference with Dixon  (Count III)

Next, defendant DLJ and Select Portfolio seek summary judgment on Count III, in which Frederick alleges that they tortiously interferred with her expectation of selling her home to her mother, Thomasina Dixon, in 2005 in order to stave off foreclosure. Under Illinois law, the elements of tortious interference with a business relationship are:  (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *City of Rock Falls v. Chicago Title & Trust Co.*, 300 N.E.2d 331, 333 (Ill. App. Ct. 1973).

As a sanction for delaying the deposition of her mother (whom Frederick purported to represent) and for failing to direct her mother to answer questions forthrightly, the assigned magistrate judge barred Frederick from presenting any evidence in support of Count III. *See* Order dated January 27, 2009 (docket #151). Frederick did not appeal the magistrate judge's decision within the time allowed, and has made no other attempt to identify evidence in support of her claim.

Accordingly, in the absence of any evidence in support of her claim of tortious interference, the motion for summary judgment on Count III filed by DLJ and Select Portfolio is granted and judgment is entered in their favor.

### IV.     Tortious Interference with Dantuma  (Count IV)

The defendants also seek judgment on Count IV, Frederick's tortious interference claim regarding the alleged attempt to prevent Scott Dantuma from bidding at the May 10, 2007, judicial sale. Once again, by failing to respond to the motion for summary judgment, Frederick has failed to meet her burden of identifying evidence to support her claim. *See Goodman*, 621 F.3d at 653. Moreover, she has failed to dispute the defendants' statements of fact that Dantuma never intended to purchase her home at the judicial sale. Indeed, according to the undisputed facts, Dantuma intended only to put Frederick in contact with an unidentified investor who was willing to bid only half of what DLJ was expected to bid. As a result, Frederick has failed to establish a reasonable expectation of entering into a business relationship with either Dantuma or the unidentified investor and, therefore, the defendants are entitled to judgment on Count IV.

**STATEMENT**

**V.    Intentional Infliction of Emotional Distress  (Count V)**

Finally, the defendants seek judgment on Frederick's claim of intentional infliction of emotional distress.  To prevail on a claim of intentional infliction of emotional distress in Illinois, a party must prove each of the following:  (1) extreme and outrageous conduct; (2) the actor intended or knew that his conduct would likely inflict severe emotional distress; and (3) the conduct did in fact cause severe emotional distress.  *McGrath v. Fahey*, 126 Ill.2d 78, 86 (1988); *see also Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir. 2006).  Conduct is extreme and outrageous only if it exceeds all bounds of decency such that no reasonable person could be expected to endure it.  *See Matthews v. Homecoming Fin. Network*, No. 03 CV 3115, 2005 WL 2387688, at *7 (N.D. Ill. Sept. 26, 2005).  Extreme and outrageous conduct does not include "mere insults, indignities, threats, annoyances, petty oppressions or trivialities." *Pub. Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976).  Further, the distress inflicted must be so severe that no reasonable person could be expected to endure it.  *See McGrath*, 126 Ill.2d at 86.

As discussed above, Frederick has identified no evidence that the defendants discriminated against her or attempted to interfere with her business relationships.  Nor has she identified any other evidence of illegal conduct directed at her.  Accordingly, she has failed to identify any evidence of the type of extreme or outrageous behavior that gives rise to a claim of intentional infliction of emotional distress.  Frederick has also failed to identify any evidence that she suffered severe emotional distress.

Accordingly, the defendants are also entitled to judgment on Count V.

**CONCLUSION**

For the reasons stated, the defendants' motions for summary judgment [218-1] and [224-1] on Counts I, III, IV and V of Frederick's First Amended Complaint are granted.

rs/cpb